Robert F. Conrad *et al.*, Plaintiffs-Appellants, *v.* Henry H. Logan, Defendant-Appellee.

(No. 54755; )

First District—April 6, 1972.

Angelo Ruggiero, of Chicago, for appellants.

Leibman, Williams, Bennett, Baird & Minow, of Chicago, (David P. List and Henry L. Mason III, of counsel,) for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Plaintiffs brought an action for slander against defendant, Henry H. Logan. The complaint charged that defendant had spoken words which accused plaintiffs of a crime and injured them in their reputation and employment. Defendant moved to dismiss the complaint on several grounds, one of which was that the alleged slanderous words were capable of being read innocently by ordinary, reasonable people and thus were nonactionable at law. The trial court allowed defendant's motion and dismissed the suit. Plaintiffs appeal from that order of dismissal. The issue is whether the trial court properly applied the rule of innocent construction.

The pertinent facts appear from the properly pleaded allegations of the complaint which are admitted by the motion to dismiss. According

to the complaint, the allegedly defamatory matter consisted of the following oral remarks:

*Henry H. Logan*—"I want to make one statement here. I think it is very unappropriate for people who never put one cent invested in this company to come around and tell the people who worked hard for years, for 30 years, to build it up and accomplish what we did, to belittle it and talk it down. Why didn't they show something in their own productive line in themselves here. It's not their place to come in here and raise the people who have been doing the job and build it up. You have no risk in the business. You fellows never put a cent in it. Neither one of you. And you took a lot out."

*Jay P. Monberg*—"We did, in what form?"

*Henry H. Logan*—"It looked to me like cash."

■■ The Illinois innocent construction rule, as enunciated by our Supreme Court in *John v. Tribune Company*, 24 Ill.2d 437, 181 N.E.2d 105, requires that defendant's language "is to be read as a whole and the words given their natural and obvious meaning, and requires that words allegedly libelous that are capable of being read innocently must be so read and declared nonactionable as a matter of law." P. 442. In the *John* case, the court also held that whether language is susceptible of an innocent construction is a question of law for the court, to be resolved by reading the language stripped of innuendo.

■■ In the instant case, we agree with defendant that an innocent construction of the words spoken is not only possible, but is in fact the most reasonable meaning to be given. Read in its entirety, the statement concerned itself with what defendant believed was unjustified criticism on the part of plaintiffs. The mention in the statement of their taking cash from the company did not charge plaintiffs with a crime, and indeed could have been an innocent reference to their receipt of salaries or other benefits from the company. The principle of innocent construction, therefore, is applicable to the instant facts. Since the application of that rule, under the *John* case, is a question of law for the court, the trial court properly dismissed the complaint as nonactionable in law.

■■ Plaintiffs argue, however, that because the complaint alleged that the words were spoken falsely and maliciously, the rule of innocent construction does not apply. We do not agree. The rationale for the rule is not whether the words were spoken falsely and maliciously, but whether the words are defamatory as a matter of law. (See *Archibald v. Belleville News Democrat*, 54 Ill.App.2d 38, 203 N.E.2d 281; *Bontkowski v. Chicago Sun-Times*, 115 Ill.App.2d 229, 252 N.E.2d 689.) As we have noted, the words were not actionable as a matter of law.

In urging affirmance, defendant has also argued in this court that the

words were spoken at the invitation of one of the plaintiffs and thus privileged. In view of our holding, it is unnecessary to consider that point.

For the foregoing reasons, the order of dismissal is affirmed.

Order affirmed.

McGLOON, P. J., and DEMPSEY, J., concur.