Joнn A. McGuire, Plaintiff-Appellant, *v.* Leonard Jankiewicz *et al.,* Defendants-Appellees.

(No. 55967;

First District—November 3, 1972.

McGuire and Haney, of Chicago, (Philip J. McGuire, of counsel,) for appellant.

Wildman, Harrold, Allen & Dixon, of Chicago, (Howard T. Brinton and James P. Dorr, of counsel,) for appellees.

Mr. PRESIDING JUSTICE LORENZ delivered the opinion of the court:

This appeal arises out of a dismissal of plaintiff's complaint which he contends here, as he did below, sets forth a valid cause of action for slander *per se.*

In his complaint, as amended, plaintiff alleged that he, an attorney licensed in this State, was retained by Karen McQueary to prosecute a personal injury case. One evening while he was visiting his client in the hospital, Leonard Jankiewicz telephoned her, identified himself as an adjuster for State Farm Insurance Company, and expressed a desire to discuss the claim with her. When McQueary informed Jankiewicz that she was represented by plaintiff, Jankiewicz said "you could not have chosen a worse attorney." The conversation ended and shortly thereafter

Jankiewicz called again and said "your lawyer is an ass hole." Plaintiff further alleged that these utterances reflected directly upon his competency and capabilities to represent Mc Queary and caused his legal abilities to be held up to ridicule.

Defendants moved to strike and dismiss the complaint alleging that it failed to state a cause of action, the statements were not slanderous *per se* and, as a matter of law, plaintiff was not damaged because he still represented Mc Queary. This motion was granted and plaintiff appealed.

■■ One of the four general classifications of slanderous utterances which are actionable *per se* is that type of statement which prejudices a party in his profession or trade. (*Whitby v. Associates Discount Corp.* (1965), 59 Ill.App.2d 337, 340-341, 207 N.E.2d 482, 484.) The *Whitby* case also pointed out that where the action is one of slander *per se* no allegation or proof of special damages is required. (See also *Stanley v. Taylor* (1972), 4 Ill.App.3d 98, 102, 278 N.E.2d 824, 826 and *Bontkowski v. Chicago Sun-Times* (1969), 115 Ill.App.2d 229, 235, 252 N.E.2d 689, 692.) Where the words amount to mere epithets or "name-calling" and do not impute a want of integrity or capacity in the legal profession they are not actionable as being defamatory. *Skolnick v. Nudelman* (1968), 95 Ill.App.2d 293, 305, 237 N.E.2d 804, 810.

■■ Turning then to the words used in the instant case, it is readily apparent that the statement "your lawyer is an ass hole" is merely an example of objectionable but unactionable "name-calling." The same cannot be said, however, of the other statement. It had the effect of placing plaintiff as the least competent of all licensed and practicing attorneys. Defendants urge that plaintiff was not actionably prejudiced in his profession as long as the comment did not imply that plaintiff did not have the requisite qualifications to be licensed. We do not agree. The terms impute a want of capacity in the legal profession and as such prejudice plaintiff by disparaging his professional reputation.

Similarly, defendants' argument that the cause of action must fail because there is no possibility of actual damages accruing to plaintiff falls short of the mark. As pointed out above, when the utterance falls into one of the categories of slander *per se,* special damages are not required but are instead implied.

Thus, the trial court improperly granted defendants' motion to dismiss.

The judgment is reversed and the cause is remanded with directions that defendants' motion to dismiss be denied, and for further proceedings not inconsistent with the views expressed herein.

Reversed and remanded with directions.

DRUCKER and ENGLISH, JJ., concur.