JOSEPH KRASS *et al.*, Plaintiffs-Appellants, *v.* DOMINIC FROIO, Defendant-Appellee.

(No. 74-174;

Second District (2nd Division)—January 9, 1975.

Ricci & Lascaro, of Wood Dale, for appellants.

Teschner & Botti, of Wheaton (A. E. Botti, of counsel), for appellee.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:

Plaintiffs appeal from the trial court's order dismissing their amended complaint to recover damages for libel and awarding defendant $400 as attorney's fees.

Plaintiffs amended complaint alleged that on April 15, 1973, when defendant was a candidate for the office of president of the Village of

Bloomingdale, he published and caused to be distributed to the residents of that municipality a letter which stated in part that plaintiffs and "the unknown powers hidden in the trust controlling the 'PIT' [Bloomingdale Pit News] will do anything to influence the outcome of this election. They will spend vast amounts of money to defeat any candidate for elective office in Bloomingdale that dares to present the facts, and refuses to be bribed or bought off. The residents * * * should ask Mr. Joe Krass, Paul Ahlrich and others about the financial benefits and new home offered to Trustee Froio since his election to the board." The complaint alleged further that the letter meant that plaintiffs had committed the crime of bribery in violation of section 33—1 of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 33—1) and that said letter was so read and understood by the residents.

Defendant moved to dismiss, or in the alternative, to strike the amended complaint or make it more definite, and for attorney's fees in the sum of $400 "in researching and preparing this motion, not counting arguments to follow." The trial court filed an opinion referring to an earlier opinion dismissing the original complaint, and after a thorough consideration of the Illinois authorities on libel *per se* and *per quod* held in effect that since the words used are capable of an innocent construction they are not libelous.[1]

■■ We agree. In determining whether or not material is libelous it must be read as a whole, and if after being so read it is capable of an innocent construction, it must be so construed and declared nonactionable as a matter of law. (*Snead v. Forbes, Inc.* (1971), 2 Ill.App.3d 22, 26-27, and *John v. Tribune Co.* (1962), 24 Ill.2d 437, 442.) The statements contained in the letter of which the plaintiffs complain obviously fall within the Illinois innocent construction rule which makes it nonactionable.

The trial court's opinion did not refer to or comment upon defendant's request for attorney's fees made in conjunction with his motion to dismiss the amended complaint. That request was stated to have been based upon section 41 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 41). However, the order appealed from did award defendant $400 as attorney's fees.

Neither do the briefs of the parties in this court present any argument concerning the propriety of that award. The only pertinent reference to that portion of the order is contained in appellants' brief and is to the

---

[1] The cases include *Cook v. East Shore Newspapers, Inc.*, (1945), 327 Ill.App. 559, 588, and *Lundstrom v. Winnebago Newspapers, Inc.* (1960), 27 Ill.App.2d 128, 133.

effect that such award "was made in spite of the fact that at the proceeding on the motion to dismiss the amended complaint, no hearing was had on the question of fees."

Section 41 provides as follows:

> "§ 41. Untrue statements. Allegations and denials, made without reasonable cause and not in good faith, and found to be untrue, shall subject the party pleading them to the payment of reasonable expenses, actually incurred by the other party by reason of the untrue pleading, together with a reasonable attorney's fee, to be summarily taxed by the court at trial."

■■ That section clearly contemplates a hearing *at the trial* at which the court may summarily tax reasonable attorney's fees and reasonable expenses incurred by reason of *untrue pleading* by the adverse party. The plaintiffs' amended complaint cannot be characterized as an untrue pleading, and, of course, there was no trial. Therefore, the trial court erred in awarding attorney's fees to the defendant.

We affirm the dismissal of the amended complaint and reverse the award of attorney's fees.

Affirmed in part and reversed in part.

T. MORAN and DIXON, JJ., concur.