FRED R. COOPER, Plaintiff-Appellant, *v.* ROCKFORD NEWSPAPERS, INC., *et al.*, Defendants-Appellees.

Second District   No. 76-298

Opinion filed June 30, 1977.

William J. Howard and Eugene E. Brassfield, both of Maynard, Brassfield & Cowan, of Rockford, for appellant.

Francis E. Hickey, of Rockford, for appellees.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

Fred R. Cooper, the plaintiff, appeals from a judgment dismissing his

libel action against the defendant newspaper publisher, two of its officers, and its parent company.

The allegedly libelous statement is contained in an editorial printed in the Rockford Register-Star on November 3, 1974. The editorial in its entirety is entitled "Change The Judicial System" and, essentially, protests against "the present system of justice in Winnebago county and Illinois" and calls "for a true reform so that the courts once again will serve the people instead of the politicians." In following paragraphs the probation system, the jury commission and the lack of pretrial conferences are criticized and political manipulations are charged in the filling of judicial vacancies. The statement which the plaintiff claims is libelous is in the seventh paragraph of the editorial:

"The office of the circuit clerk still runs on an 18th century ledger system that compounds our case backlog. Security for records and for funds is non-existent. Political hacks such as Joe Vecchio and Fred Cooper are hired in lieu of modernization and data processing. It's patronage instead of progress. And nothing is being done to correct it."

Plaintiff concedes that he, as a chief deputy clerk in the circuit clerk's office of the county, is a "public official" within the meaning of *New York Times Co. v. Sullivan*, 376 U.S. 254, 11 L. Ed. 2d 686, 84 S. Ct. 710 (1964), and *Curtis Publishing Co. v. Butts*, 388 U.S. 130, 18 L. Ed. 2d 1094, 87 S. Ct. 1975 (1967). Further, plaintiff does not argue that the term "political hack" is actionable by itself. He concedes that considered alone it is mere "name-calling" and nonactionable. (See *Old Dominion Branch No. 496, National Association of Letter Carriers v. Austin*, 418 U.S. 264, 283, 41 L. Ed. 2d 745, 761, 94 S. Ct. 2770, 2780-81 (1974); *McGuire v. Jankiewicz*, 8 Ill. App. 3d 319, 320 (1972); *Skolnick v. Nudelman*, 95 Ill. App. 2d 293, 305 (1968).) He claims, however, that in the context of the quoted paragraph he is charged with being an incompetent chief deputy clerk placed in that position for political reasons and at the expense of progress, thus that he is prejudiced in his profession.

■■ A statement which prejudices a party in his profession or trade is actionable in libel *per se*. (*Kirk v. Village of Hillcrest*, 31 Ill. App. 3d 1063, 1065 (1975); *McGuire v. Jankiewicz*, 8 Ill. App. 3d 319, 320; *Bontkowski v. Chicago Sun-Times*, 115 Ill. App. 2d 229, 232-33 (1969). See also Prosser, Torts sec. 112(3) (4th ed. 1971).) The rule is applicable to a public employee or official. See *Coursey v. Greater Niles Township Publishing Corp.*, 40 Ill. 2d 257, 264 (1968). See also Restatement (Second) of Torts sec. 573, comment b (1977).

The plaintiff claims that the publication imputes his unfitness for his profession, but whether the statement is reasonably susceptible to that meaning or whether it may be innocently construed is a question of law.

*Valentine v. North American Co.*, 60 Ill. 2d 168, 171 (1974). *Cf. Troman v. Wood*, 62 Ill. 2d 184, 189 (1976).

■■ In approaching this question we apply the "innocent construction" rule. Under the rule an article claimed to be libelous is to be read as a whole with the words given their natural, obvious meaning, and when the words claimed to be libelous are capable of being read innocently they must be so read and declared nonactionable as a matter of law. *Valentine v. North American Co.*, 60 Ill. 2d 168, 171; *John v. Tribune Co.*, 24 Ill. 2d 437, 442 (1962); *Kirk v. Village of Hillcrest*, 31 Ill. App. 3d 1063, 1066 (1975); *Krass v. Froio*, 24 Ill. App. 3d 924, 925 (1975).

■■■ The particular reference to plaintiff considered as a part of the whole editorial and given its natural and obvious meaning permits an innocent construction which is nonactionable. The basic thrust of the editorial is that the courts do not run a good system, with examples following allegedly in support of this view. The paragraph in question impales the whole circuit clerk's office on the spit, claiming that it "still runs on an 18th century ledger system." The particular part of the paragraph claimed to be libelous to plaintiff is the reference to him as one of the "political hacks" in the clerk's office, "hired in lieu of modernization and data processing." This need not be reasonably interpreted as ascribing to plaintiff conduct, characteristics or a condition (see Restatement (Second) of Torts sec. 573 (1977)) which would adversely affect his fitness for the proper conduct of his duties as a deputy clerk. The fact that modern equipment aids office efficiency does not imply that an employee of the office is not doing his work, nor does it prejudice him in his trade. The reference to "patronage instead of progress" is consistent with the meaning that, in the writer's opinion, the clerk's office needs modernizing. And the suggestion that a person is hired because he is of the same political party as his employer does not necessarily imply that the employee is incompetent or that he is unfit to properly conduct his duties.

■■ Since as a matter of law the statements are susceptible of innocent construction the trial court properly dismissed the complaint. The statements were nonactionable, and therefore the complaint did not state a cause of action.

In view of our conclusions we do not reach other questions raised by the parties, including whether it is necessary to prove special damages and whether the parent corporation of the newspaper should have been dismissed as a party defendant.

The judgment is affirmed.

Affirmed.

GUILD and WOODWARD, JJ., concur.