HOMESTEAD REALTY CO., INC., Plaintiff-Appellant, *v.* JOHN R. STACK *et al.*, Defendants-Appellees.

First District (1st Division)    No. 77-1

Opinion filed January 23, 1978.—Rehearing denied February 23, 1978.

Eugene Lieberman, of Chicago, for appellant.

Henry L. Mason, III, and Minda Schechter Gaster, both of Chicago (Sidley and Austin, of counsel), for appellees.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Plaintiff Homestead Realty Co., Inc., filed suit against defendants for libel. The action was based on statements about plaintiff that appeared in a pamphlet circulated by defendants in Calumet Park, Illinois. After plaintiff filed an amended complaint, defendants moved for a judgment on the pleadings. The motion was granted and plaintiff appeals from that order.

On appeal, plaintiff argues that (1) the statement cannot be innocently construed; (2) the statement makes a false accusation of a crime and is therefore libelous *per se*; (3) the use of the word "alleged" fails to make the statement nonlibelous.

We affirm.

The facts are not disputed. Plaintiff is a corporation engaged in the business of selling real estate. Some of the real estate plaintiff sells is located in integrated or "changing" neighborhoods. On January 5, 1971, the United States Government brought an action against plaintiff alleging that plaintiff engaged in discrimination in the sale of housing in violation of 42 U.S.C. §3604 (1970). (*United States v. Homestead Realty, Inc.* (N.D. Ill. 1971), No. 71 C 205.) However, after an evidentiary hearing, the dispute was settled by consent decree in which plaintiff agreed to advertise homes to minority groups in the Calumet Park area and elsewhere. In 1974, a similar suit was filed against plaintiff by the Village of Park Forest, Illinois. (*Village of Park Forest v. Homestead Realty, Inc.* (N.D. Ill. 1974), No. 74 C 2863.) That case is still pending.

Against this background, the pamphlet complained of by plaintiff was distributed in August 1975. It was a single-page document signed by defendant Mayor Stack on behalf of the other defendants. The pamphlet generally addressed the problem of vandalism that had been directed at

new residents of Calumet Park. The pamphlet stated that the real threat to the community was not the vandals, but rather, certain businesses and institutions. In particular, the pamphlet stated that:

"The real enemy is not the new middle class homeowner. The enemy is the real estate agent and the financial institution that profits from keeping people fighting each other. In Cal Park, the real enemies are real estates like Homestead and Applebrook, who appear to be engaged in alleged racial steering * * *."

Consequently, plaintiff brought an action for libel against defendants. Plaintiff argued that the accusation of "racial steering" was libel *per se*, their theory being that racial steering is a crime that injures the business reputation of one engaged in the real estate business.

In response to plaintiff's complaint, defendants filed a motion for a judgment on the pleadings. Defendants argued that applying the innocent construction rule, their statement that plaintiff appeared to be engaged in alleged racial steering, was not defamatory as a matter of law. The trial court agreed, and granted defendants' motion.

On appeal, plaintiff argues that the trial court erred in granting defendants' motion for a judgment on the pleadings because (1) the statement is incapable of being innocently construed; (2) the statement falsely accuses plaintiff with the commission of a crime and is therefore libel *per se*; and (3) the use of the word "alleged" fails to make the statement nondefamatory.

■■ In *John v. Tribune Co.* (1962), 24 Ill. 2d 437, 442, 181 N.E.2d 105, 108, the supreme court stated that when considering allegedly defamatory language, such language:

" * * * is to be read as a whole and the words given their natural and obvious meaning, and requires that words allegedly libelous that are capable of being read innocently must be so read and declared nonactionable as a matter of law."

See *Zeinfeld v. Hayes Freight Lines, Inc.* (1968), 41 Ill. 2d 345, 243 N.E.2d 217; *Krass v. Froio* (1975), 24 Ill. App. 3d 924, 322 N.E.2d 67.

■■ Applying *John* to the present case, defendants' statements can be innocently construed and are therefore, not defamatory as a matter of law. Defendants' statement is that plaintiff "appear[s] to be engaged in alleged racial steering * * *." Defendants have not stated that plaintiff is engaged in racial steering. Rather, defendants merely noted that lawsuits involving racial steering were filed against plaintiff. This construction follows from defendants' use of the word "alleged" in their statement. (See *Time, Inc. v. Pape* (1971), 401 U.S. 279, 292, 28 L. Ed. 2d 45, 54, 91 S. Ct. 633.) While the statement could have been drafted better, when innocently construed, it is not defamatory.

Because we find defendants' statements capable of being innocently

578

construed, it is unnecessary to address the other issues raised by plaintiff. For the foregoing reasons, the order of the circuit court of Cook County is affirmed.

Order affirmed.

GOLDBERG, P. J., and O'CONNOR, J., concur.