RICHARD J. BELMONTE, Plaintiff-Appellant, *v.* LEONARD RUBIN, Defendant-Appellee.

First District (3rd Division) No. 78-1021

Opinion filed February 14, 1979.

Richard J. Belmonte, of Chicago, for appellant, *pro se.*

Leonard Rubin, of Chicago, for appellee, *pro se.*

Mr. PRESIDING JUSTICE SIMON delivered the opinion of the court:

This appeal involves the application of the "innocent construction rule" in determining whether the plaintiff was referred to in an alleged defamatory statement attributed to the defendant. The circuit court judge dismissed the complaint, ruling that the statement in question did not "concern the plaintiff."

The innocent construction rule was relied upon by the Illinois Supreme Court in a defamation action in *John v. Tribune Co.* (1962), 24 Ill. 2d 437, 442, 181 N.E.2d 105. The rule, as announced in that decision, "* * * requires that words allegedly libelous that are capable of being read innocently must be so read and declared nonactionable as a matter of law." The principle of innocent construction is applied in determining not only whether the words in question can be interpreted in a way which is not libelous or defamatory but also in a way which does not relate them

to the plaintiff. Thus, in *John,* the court held that because the publication there was capable of being construed as referring to a person other than the plaintiff, it was an innocent publication as to the plaintiff.

The alleged defamatory statement in this case appeared in a newspaper story concerning a then-pending eviction suit in which the plaintiff in this action, Richard J. Belmonte, acted as the attorney for the plaintiffs and Leonard Rubin, the defendant in this action, was the attorney for the defendants whom the plaintiffs were seeking to evict from a residence. The story quoted Rubin as saying: "My personal opinion is that they're trying to steal the girls' home." Belmonte alleges, in this case, that this statement, attributed to Rubin, defamed his character.

██ At issue is whether the above statement referred to Belmonte. Though Belmonte is mentioned elsewhere in the story, the statement he contends is defamatory can be construed as referring to his clients or to other unidentified persons rather than to Belmonte himself. The statement does not require that it be interpreted to apply to Belmonte, for the word "they're," as used in the story, is ambiguous and is susceptible of being read to refer to persons other than Belmonte. Whether the language complained of lends itself to an innocent construction is a question of law, to be decided by viewing the statement "stripped of innuendo." (*Zeinfeld v. Hayes Freight Lines, Inc.* (1968), 41 Ill. 2d 345, 347-48, 243 N.E.2d 217; *Van Tuil v. Carroll* (1972), 3 Ill. App. 3d 869, 279 N.E.2d 361.) Thus, applying the innocent construction rule, this court must, as a matter of law, view the statement as capable of being construed as referring to others and, therefore, as an innocent publication in regard to Belmonte. For that reason, the judgment of the circuit court dismissing the complaint for failure to state a cause of action is affirmed.

Judgment affirmed.

McNAMARA and RIZZI, JJ., concur.