QUALITY GRANITE CONSTRUCTION COMPANY, INC., Plaintiffs-Appellees, v. HURST-ROSCHE ENGINEERS, INC., *et al.*, Defendants-Appellants.

Fifth District   No. 5—92—0160

Opinion filed April 27, 1994.

Richard J. Pautler and Catherine Hope Craig, both of Peper, Martin, Jensen, Maichel & Hetlage, of St. Louis, Missouri, for appellants.

David L. Antognoli, of Bernard & Davidson, of Granite City, for appellees.

JUSTICE MAAG delivered the opinion of the court:

This is a defamation case which arose from a construction project performed for the St. Clair County Housing Authority (Housing Authority). In order to fully understand the background in which this case is presented, we must first identify the entities involved. Defendant Hurst-Rosche Engineers, Inc. (HRE), is an engineering firm hired to design and supervise construction; K. Dean McIlravy is general manager for HRE in the metro-east area; plaintiff, Quality Granite Construction Company, Inc. (Quality), is the general contractor hired to perform the work specified by HRE's design; Vincent Marsala is the president of Quality Granite; and Transamerica Premier Insurance Company (Transamerica) is a bonding company which issued a "performance bond" guaranteeing Quality's work.

HRE contracted with the Housing Authority to prepare plans for a 22-building apartment complex. As a part of the contract, HRE was required to conduct weekly inspections of the work and report any findings to the Housing Authority. In particular, the contract specified that HRE on a weekly basis was to "advise as to whether or not the work is compliant with job plans and specifications," report any "deficiencies observed," and advise as to "the approximate completion status" at the time the inspection was made.

Given the fact that Quality was the general contractor, it was its work which was being inspected and evaluated regularly by HRE. There is apparently no dispute between the parties with respect to these facts. Rather, the crux of this case involves a comparison between the weekly reports and a letter dated September 12, 1989, that was sent by HRE to Transamerica. This letter stated that Quality "*may be considered in default*" (emphasis in original), due to "the contractors' failure to complete the project in a timely manner, substandard workmanship, reluctance to complete punch list items and inability to interpret the contract documents, plans and specifications as bid."

Quality and Marsala presented evidence that indicated that HRE had certified the project to the owner as 100% complete and satisfactorily done several months before the September 12, 1989, letter. According to the plaintiffs, the letter at issue was sent to "pressure" Quality into agreeing to compromise claims for additional compensation under their contract. They claim that after the offending letter was sent, Transamerica suspended their bonding temporarily. Later, when Quality was again able to get bonding, it

was only on a limited basis and then only on projects of $500,000 or less. According to Quality and Marsala, the letter was the cause of these difficulties. As a consequence, Quality and Marsala filed this suit.

The parties argue at length about the conclusions that should be drawn from the evidence presented. It is not our function as a reviewing court to reweigh the evidence. The rule we must apply in considering the evidence is as follows:

"An initial step in analyzing the issue before us is to determine the authority of the jury, trial court, and appellate court, and their relationship to one another. Unquestionably, it is the province of the jury to resolve conflicts in the evidence, to pass upon the credibility of the witnesses, and to decide what weight should be given to the witnesses' testimony. [Citation.] A trial court cannot reweigh the evidence and set aside a verdict merely because the jury could have drawn different inferences or conclusions, or because the court feels that other results are more reasonable. [Citations.] Likewise, the appellate court should not usurp the function of the jury and substitute its judgment on questions of fact fairly submitted, tried, and determined from the evidence which did not greatly preponderate either way." *Maple v. Gustafson* (1992), 151 Ill. 2d 445, 452-53, 603 N.E.2d 508, 511-12.

We are compelled to view all the evidence and inferences therefrom in the light most favorable to the verdict winner. *Heimberger v. Village of Chebanse* (1984), 124 Ill. App. 3d 310, 314, 463 N.E.2d 1368, 1371.

HRE and McIlravy claim the "evidence presented at trial regarding the scope and performance of Quality's work was directly contradictory." We agree it was conflicting. However, we decline this invitation to reevaluate and resolve these conflicts. The jury has already done so. We, therefore, will consider the evidence only in the light most favorable to Quality and Marsala, the verdict winners.

■ With these standards in mind, we can summarize the evidence by stating that Quality and Marsala submitted reports and testimony for the jury to consider that indicated that they had complied with the plans and specifications prepared by HRE and that the workmanship met acceptable standards. HRE and McIlravy disputed this evidence; however, the jury resolved the issue against them, and we must therefore conclude that Quality complied with its contract.

■ HRE and McIlravy claim that an evaluative report of a supervising professional on a construction project can *never* be the basis of a libel claim. They base this contention on the argument that as a matter of custom, contract, and sound public policy such professionals are required to evaluate and report on a contractor's

work. In their words, "If the law allowed a contractor to recover damages for libel as a result of an engineer's notification to the owner and bonding company of potential problems with the contractor's work, then engineers would be precluded from performing an essential aspect of their professional duties." According to HRE and McIlravy, the case of *Vee See Construction Co. v. Jensen & Halstead, Ltd.* (1979), 79 Ill. App. 3d 1084, 399 N.E.2d 278, recognized this blanket immunity from liability. We disagree.

*Vee See* granted no such immunity. That case simply applied the innocent construction rule as it then existed to a supervising architect's letter mailed to the contractor and several other persons. This letter alleged that only two coats of paint, rather than three as required by the contract, were being applied. The court in *Vee See* held that rather than imputing dishonesty, the letter could be innocently construed as an attempt to resolve a misunderstanding. Therefore, the trial court's dismissal of the libel action was affirmed. We have no disagreement with the holding in *Vee See* under the state of the law in existence at the time of the decision. But that decision certainly did not grant a blanket immunity from liability in a libel suit either under the facts of that case or the case at bar.

HRE and McIlravy next claim that statements in the September 12, 1989, letter were capable of being construed innocently and are nonactionable as a matter of law. Citing *John v. Tribune Co.* (1962), 24 Ill. 2d 437, 181 N.E.2d 105, and *Chapski v. Copley Press* (1982), 92 Ill. 2d 344, 442 N.E.2d 195, they also argue that the statements at issue should be read as an expression of opinion about Quality's work and a simple attempt to resolve that dispute, making the statements nonactionable.

Quality responds that the September 12, 1989, letter, evaluated in light of the modified innocent construction rule announced in *Chapski*, should not be construed innocently. It also argues that the letter is not a mere expression of opinion.

According to Quality, the innocent construction rule, as modified in the *Chapski* decision, requires the letter at issue to "be considered in context, with the words and implications therefrom given their natural and obvious meaning." (*Chapski*, 92 Ill. 2d at 352, 442 N.E.2d at 199.) Quality also claims that a statement charging professional incompetence does not fall within the category of protected opinions, citing *Mittelman v. Witous* (1989), 135 Ill. 2d 220, 552 N.E.2d 973. We will deal with these contentions in order.

In the case at bar, Quality claimed that the letter of September 12, 1989, was defamatory *per se*. Words are considered defamatory *per se* if they:

"(1) impute the commission of a criminal offense; (2) impute infection with a loathsome communicable disease; (3) impute inability to perform or want of integrity in the discharge of duties of office or employment; or (4) prejudice a party, or impute lack of ability, in his trade, profession or business." *Mittelman*, 135 Ill. 2d at 238-39, 552 N.E.2d at 982.

When words are defamatory *per se*, they are considered to be so obviously damaging that the plaintiff is relieved of the obligation to prove special damages and damages are presumed. *Mittelman*, 135 Ill. 2d at 235, 552 N.E.2d at 980.

The full text of the September 12, 1989, letter around which this case revolves states as follows:

"Transamerica Premier Insurance Company
333 Anita Drive
Orange, California 92668
Attention: Mr. David Marcoulides

Re: 1984 CIAP Project IL 30-907
Exterior Improvements
Brickwork, Siding and Canopies
St. Clair County Housing Authority
Village of Brooklyn, Illinois

Dear Sir:

In view of recent meetings with the St. Clair County Housing Authority (HUD), and Mr. Vincent Marsala of 'Quality' Granite Construction Company, we feel it is our responsibility to advise you that 'Quality' Granite *may be considered in default.*

Our reasoning being the contractor's failure to complete the project in a timely manner, substandard workmanship, reluctance to complete punch list items and inability to correctly interpret the contract documents, plans and specifications as bid.

Due to these circumstances, it would be our recommendation that a meeting be scheduled as soon as possible with all parties involved in order to resolve the differences and close out the project.

Please advise this office to schedule a meeting. Should you have any questions, feel free to contact me at 618/398-0930.

Very truly yours,

HURST-ROSCHE ENGINEERS, INC.
K. Dean McIlravy

KDM/ss
cc: Mr. David L. Wagner—S.C.C.H.A.
Mr. Vincent Marsala—'Quality' Granite Const. Co."

■ This letter accused Quality of both an inability to perform and a lack of ability in its contractual undertaking. As such, numbers

three and four of the defamation *per se* categories are implicated. (*Mittelman*, 135 Ill. 2d at 238-39, 552 N.E.2d at 982.) We are unable to say that as a matter of law an innocent construction should be applied to the letter. Giving the words their natural and obvious meaning in the context they were written (*Chapski*, 92 Ill. 2d at 352, 452 N.E.2d at 888), a reasonable jury could conclude that the letter was defamatory *per se*. Moreover, we do not believe that the letter could reasonably be construed as a simple attempt to resolve a contract dispute. It clearly accused the plaintiffs of professional incompetence. We find no error in the trial court's refusal to direct a verdict in favor of HRE and McIlravy based upon the innocent construction rule.

Addressing the claim that the letter was a mere expression of opinion and therefore nonactionable, we must disagree. It is true that mere "opinions" are not actionable. However, mixed expressions of "opinion" and "fact" are actionable. (*Mittelman*, 135 Ill. 2d at 242, 552 N.E.2d at 983; *Catalano v. Pechous* (1980), 83 Ill. 2d 146, 419 N.E.2d 350.) We conclude that the September 12, 1989, letter is more than a mere expression of opinion. It mixes opinions and facts, and these facts are subject to verification. We find no error in the trial court's treatment of this issue.

■ HRE and McIlravy next argue that the jury verdict violates principles of public policy and common sense. Specifically they claim that "by contract, and as a matter of public policy, the engineer must have freedom to disagree with the contractor, *** when necessary." We agree with this general statement. However, HRE and McIlravy have cited no authority to show that some immunity from liability for false, defamatory accusations should flow from this general statement. Due to the failure to cite any authority in support of this claimed error, it is waived. (134 Ill. 2d R. 341(e)(7).) However, the issue is in substance no different from the earlier claim, that under the *Vee See* case they were immune from liability. We disposed of that issue on the merits. We see no need to depart from our ruling on that issue and find it fully applicable to this claim.

■ Defendants argue next that the court erred in submitting Marsala's claims to the jury because he was not personally defamed. We disagree. Mr. Marsala was personally named in the letter, and the letter equated him with the failures which were charged. HRE and McIlravy seek the protection of the innocent construction rule on this claim as well and cite *Belmonte v. Rubin* (1979), 68 Ill. App. 3d 700, 386 N.E.2d 904, as authority for its application. Again, however, the *Belmonte* case predates *Chapski*. Under the modified innocent construction rule, this claim of error must fail.

■ HRE and McIlravy assert that the letter was entitled to a qualified privilege and that the trial court's refusal to instruct the

jury on this privilege constitutes reversible error. We need not decide for purposes of this appeal whether the letter was cloaked with a qualified privilege. Assuming for purposes of our discussion that it was, any error in the refusal to instruct on the privilege was harmless. A prerequisite for establishing a qualified privilege is the absence of actual malice. (*Rosner v. Field Enterprises, Inc.* (1990), 205 Ill. App. 3d 769, 791, 564 N.E.2d 131, 144; *Mittelman*, 135 Ill. 2d at 236-37, 552 N.E.2d at 981.) In the case at bar, counts II and IV of plaintiffs' complaint alleged that Quality (count II) and Marsala (count IV) had been defamed by HRE and McIlravy, and those counts sought punitive damages. The instructions required the jury to find that the defendants published the letter "knowing the same to be false, or with a reckless disregard as to whether the statement was true or false," before awarding punitive damages. This is the actual malice standard. (*New York Times Co. v. Sullivan* (1964), 376 U.S. 254, 279-80, 11 L. Ed. 2d 686, 706-07, 84 S. Ct. 710, 725-26.) The jury's decision to award punitive damages demonstrates that they concluded that the publication was made with actual malice. This finding negates any qualified privilege defense. Therefore, any error in failing to instruct on the privilege defense was at most harmless.

■ HRE and McIlravy also contend that the September 12, 1989, letter was not defamatory *per se* and that proof of actual malice and special damages should have been required. We disagree. We have previously explained in this decision that the letter was defamatory *per se* and that proof of special damages was not required. In any event, there was sufficient evidence of special damages presented to support the verdict. Further, as just stated, in order to award punitive damages, the jury had to have found actual malice.

■ HRE and McIlravy complain of alleged error in the giving of plaintiffs' instruction number 22. Defendants neither objected to the instruction nor tendered an alternative at the time of trial. Therefore, the issue is waived. *Deal v. Byford* (1989), 127 Ill. 2d 192, 537 N.E.2d 267.

The next issue raised deals with the trial court's *in limine* ruling barring the use in evidence of certain pleadings from a different lawsuit involving Quality and the Housing Authority. We have reviewed the record and find no copies of the pleadings which defendants sought to introduce and find no evidence an offer of proof was ever made to demonstrate the content of those pleadings. It is the responsibility of the appellant to provide a record sufficient for us to review in ruling on claimed error. Even if the pleadings were available, the appellants' brief fails to identify the portions of the pleadings that are claimed to be admissible. The issue is waived. 134 Ill. 2d R. 341(e)(7).

■ Finally, HRE and McIlravy claim that there was insufficient evidence to support the punitive damages award. They also claim that Illinois' jury instructions on punitive damages and the system for review of such awards is constitutionally infirm. They cite *Pacific Mutual Life Insurance Co. v. Haslip* (1991), 499 U.S. 1, 113 L. Ed. 2d 1, 111 S. Ct. 1032, for the latter proposition. We have reviewed the facts and evidence and find that a sufficient evidentiary basis exists to support the jury's award. Regarding the constitutional argument, nothing more than a bare assertion is made. However, this court has previously found a similar claim to be baseless. We see no reason to depart from that decision. *Kochan v. Owens-Corning Fiberglass Corp.* (1993), 242 Ill. App. 3d 781, 610 N.E.2d 683.

Affirmed.

WELCH and CHAPMAN, JJ., concur.