701 N.E.2d 99 (1998)
299 Ill. App.3d 513
233 Ill.Dec. 456
Earl W. HOPEWELL, Plaintiff-Appellant and Cross-Appellee,
v.
Louis VITULLO and Wildman, Harrold, Allen and Dixon, Defendants-Appellees and Cross-Appellants.
No. 1-97-3946.
Appellate Court of Illinois, First District, Second Division.
September 22, 1998.
*100 Niro, Scavone, Haller & Niro, Chicago (Paul K. Vickrey and James P. Murphy, of counsel), for Appellant.
Deutsch, Levy & Engel, Chartered, Chicago (Paul M. Levy, Phillip J. Zisook and Brian D. Saucier, of counsel), Donohue, Brown, Matthewson & Smyth, Chicago (Donald J. Brown, Jr., of counsel), for Appellees.
Justice RAKOWSKI delivered the opinion of the court:
Plaintiff Earl W. Hopewell (Hopewell) sued defendant Louis Vitullo (Vitullo), a partner of defendant Wildman, Harrold, Allen and Dixon (WHAD), for defamation. The trial court granted defendants' motion to dismiss with prejudice pursuant to section 2-615 of the Illinois Code of Civil Procedure (735 ILCS 5/2-615 (West 1996)), on the basis that the alleged defamatory statement was nonactionable opinion. The trial court also granted defendants' motion to dismiss without prejudice on the basis that Hopewell failed to plead sufficient facts establishing that Vitullo *101 made the alleged defamatory statement with actual malice. Hopewell filed a motion for reconsideration and leave to file a second amended complaint, which the trial court denied. Hopewell appeals, and we have jurisdiction pursuant to Supreme Court Rules 301 and 303. 155 Ill.2d Rs. 301, 303.
Hopewell raises the following issues: (1) whether the alleged defamatory statement "fired because of incompetence"is actionable; (2) whether he pled sufficient facts establishing that Vitullo made the alleged defamatory statement with actual malice; and (3) whether defendants abused their qualified privilege. Vitullo and WHAD filed a motion to dismiss Hopewell's appeal, raising the issue of whether Hopewell's postjudgment motion tolled the period for filing a notice of appeal pursuant to Supreme Court Rule 303. In addition, Vitullo and WHAD cross-appeal and raise the issue of whether they were cloaked with an absolute privilege.
For the following reasons, we affirm.

I. FACTS
In February of 1992, Hopewell was hired to be treasurer and chief financial officer (CFO) of the Carol Moseley Braun for U.S. Senate Committee (the Committee). Under the employment contract, the Committee was to compensate Hopewell $7,000 per month for his services. Vitullo was a Committee member, adviser to the Senator, and lawyer for the Senator and the Committee.
In March 1996, Senator Braun sent a memorandum to Hopewell informing him that, from that point on, he would be working on a volunteer basis. Refusing to work on a volunteer basis, Hopewell filed a lawsuit against the Senator and the Committee, charging the Senator and the Committee with breach of contract, retaliatory discharge, and violation of the Illinois Wage Payment and Collection Act (820 ILCS 115/1 et seq. (West 1996)). The complaint in that suit specifically alleged, inter alia, that Hopewell objected to certain campaign finance irregularities and that he was retaliatorily discharged as a result. It also averred that the Committee owed him approximately $177,000 of unpaid wages and that the Senator owed him approximately $20,000 for work performed in connection to the Senator's personal finances.
Upon filing the above complaint, Hopewell and his attorney also commented to the press regarding the Senator's campaign finances. In turn, the Senator directed Vitullo to answer the press' questions regarding Hopewell's lawsuit. The following day, the Chicago Tribune reported on the accusations against the Senator and the Committee while also including Vitullo's response that Hopewell "was fired because of incompetence." Hopewell answered Vitullo's comment by filing the instant lawsuit against Vitullo and WHAD for defamation.

II. STANDARD OF REVIEW
As mentioned above, the trial court granted defendants' motion to dismiss, which defendants filed under section 2-615 and section 2-619 of the Illinois Code of Civil Procedure. 735 ILCS 5/2-615, 2-619 (West 1992). A motion to dismiss pursuant to section 2-615 "challenges only the legal sufficiency of the complaint and admits the truth of all well-pleaded factual allegations." Anderson v. Vanden Dorpel, 172 Ill.2d 399, 407, 217 Ill.Dec. 720, 667 N.E.2d 1296 (1996). Under a section 2-615 motion, the question is whether the complaint alleges sufficient facts entitling plaintiff to relief. Bryson v. News America Publications Inc., 174 Ill.2d 77, 86, 220 Ill.Dec. 195, 672 N.E.2d 1207 (1996). On the other hand, a motion to dismiss pursuant to section 2-619(a)(9) presents affirmative matters that avoid the legal effect of plaintiff's claim. Golden v. Mullen, 295 Ill.App.3d 865, 869, 230 Ill.Dec. 256, 693 N.E.2d 385 (1997). The question for the court under section 2-619 is "whether there exists a genuine issue of material fact precluding dismissal or, absent an issue of material fact, whether dismissal is proper as a matter of law." Golden, 295 Ill.App.3d at 869, 230 Ill.Dec. 256, 693 N.E.2d 385.
Nevertheless, when reviewing motions to dismiss under either section, the court applies a de novo review. Lawson v. City of Chicago, 278 Ill.App.3d 628, 634, 215 Ill.Dec. 237, 662 N.E.2d 1377 (1996). The court must accept as true all well-pleaded *102 facts in the complaint and all reasonable inferences that can be drawn from those facts in the light most favorable to the plaintiff. Bryson, 174 Ill.2d at 86, 220 Ill.Dec. 195, 672 N.E.2d 1207.

III. DISCUSSION

A. Defendants' Motion To Dismiss Hopewell's Appeal

Initially, we must address defendants' motion to dismiss Hopewell's appeal that was taken with this case. Defendants argue that Hopewell's motion for reconsideration and for leave to file a second amended complaint was insufficient to toll the time period for filing an appeal because it did not request appropriate relief and because it failed to assert an adequate basis for reconsideration. We disagree. Hopewell's motion for reconsideration is the most common type of postjudgment motion recognized by the Illinois Supreme Court; it explained why the case law that the trial court used actually supported a finding in his favor. Andersen v. Resource Economics Corp., 133 Ill.2d 342, 347, 140 Ill.Dec. 390, 549 N.E.2d 1262 (1990); see 735 ILCS 5/2-1203 (West 1996). As such, we conclude that Hopewell's motion qualifies as a postjudgment motion under Rule 303(a) and that it extended the period for filing a notice of appeal. Beck v. Stepp, 144 Ill.2d 232, 240, 162 Ill.Dec. 10, 579 N.E.2d 824 (1991); 155 Ill.2d R. 303(a). Therefore, we deny defendants' motion to dismiss Hopewell's appeal.

B. Whether "Fired Because of Incompetence" is Nonactionable Opinion

Hopewell contends that the trial court erred when it found that the alleged defamatory statementHopewell "was fired because of incompetence"was nonactionable opinion. We disagree.
The defamation action provides redress for false statements of fact that harm reputation. Quinn v. Jewel Food Stores, Inc., 276 Ill.App.3d 861, 865, 213 Ill.Dec. 204, 658 N.E.2d 1225 (1995); Mittelman v. Witous, 135 Ill.2d 220, 239, 142 Ill.Dec. 232, 552 N.E.2d 973 (1989); Doherty v. Kahn, 289 Ill.App.3d 544, 555, 224 Ill.Dec. 602, 682 N.E.2d 163 (1997); 1 M. Polelle & B. Ottley, Illinois Tort Law § 5.01, at 5-2 (2d ed.1998) (hereinafter Illinois Tort Law). "`A statement is considered defamatory if it tends to cause such harm to the reputation of another that it lowers that person in the eyes of the community or deters third persons from associating with him.'" Illinois Tort Law § 5.01, at 5-2 to 5-3, citing Kolegas v. Heftel Broadcasting Corp., 154 Ill.2d 1, 180 Ill.Dec. 307, 607 N.E.2d 201 (1992); see Restatement (Second) of Torts § 559 (1977). Statements published to third parties are defamatory per se if they: "(1) impute the commission of a criminal offense; (2) impute infection with a loathsome communicable disease; (3) impute inability to perform or want of integrity in the discharge of duties of office or employment; or (4) prejudice a party, or impute lack of ability, in his trade, profession or business." Mittelman, 135 Ill.2d at 238-39, 142 Ill.Dec. 232, 552 N.E.2d 973; Kirchner v. Greene, 294 Ill.App.3d 672, 679, 229 Ill.Dec. 171, 691 N.E.2d 107 (1998).
In this case, the comment that Hopewell was "fired because of incompetence" qualifies as defamatory per se, for it imputes an inability to perform or discharge the duties of office or employment and prejudices Hopewell by imputing a lack of ability in his profession. Hopewell maintains that, since the statement is defamatory per se, it should be considered an actionable statement of fact.
However, Hopewell's argument is misplaced because classification of Vitullo's statement as defamatory per se has no bearing on whether the alleged defamatory statement is actionable. Although a statement falls into a per se category, to be actionable, Hopewell must show that the statement is not protected speech under the first amendment to the United States Constitution (U.S. Const., amend. I). Bryson v. News America Publications, Inc., 174 Ill.2d 77, 99-100, 220 Ill.Dec. 195, 672 N.E.2d 1207 (1996). This determination is a matter of law for the court to decide. Doherty, 289 Ill.App.3d at 557, 224 Ill.Dec. 602, 682 N.E.2d 163.
*103 Prior to 1990, courts "perceived a fundamental distinction between statements of fact and statements of opinion for first amendment purposes." Bryson, 174 Ill.2d at 99, 220 Ill.Dec. 195, 672 N.E.2d 1207. However, in Milkovich v. Lorain Journal Co., 497 U.S. 1, 110 S.Ct. 2695, 111 L.Ed.2d 1 (1990), the Supreme Court rejected this dichotomy between opinion and fact and asserted that there no longer is a separate first amendment privilege for statements of opinion. Milkovich, 497 U.S. at 19, 110 S.Ct. at 2706, 111 L.Ed.2d at 18. The Court explained that a wholesale first amendment protection of "opinion" was overly broad since "expressions of `opinion' may often imply an assertion of objective fact." Milkovich, 497 U.S. at 18, 110 S.Ct. at 2705, 111 L.Ed.2d at 17; Kumaran v. Brotman, 247 Ill.App.3d 216, 228, 186 Ill.Dec. 952, 617 N.E.2d 191 (1993). Instead, the Court held that a statement will receive first amendment protection only if it cannot be reasonably interpreted as stating actual facts about the plaintiff. Milkovich, 497 U.S. at 20, 110 S.Ct. at 2706, 111 L.Ed.2d at 19; Bryson, 174 Ill.2d at 100, 220 Ill.Dec. 195, 672 N.E.2d 1207; Kolegas, 154 Ill.2d at 14-15, 180 Ill.Dec. 307, 607 N.E.2d 201. See Restatement (Second) of Torts § 566, at 170 (1977) ("[a] defamatory communication may consist of a statement in the form of an opinion, but a statement of this nature is actionable only if it implies the allegation of undisclosed defamatory facts as the basis for the opinion").
Our supreme court adopted this test in Kolegas and applied it again in Bryson. We note, however, that neither Hopewell nor defendants in this case articulated or applied this test in their arguments. Nonetheless, we give due consideration to their arguments where congruous with the principles announced in Milkovich and adopted by our supreme court.
To determine whether a statement reasonably presents or implies the existence of facts about the plaintiff, we review three considerations, all of which were used by courts prior to Milkovich. Milkovich, 497 U.S. at 24, 110 S.Ct. at 2708-09, 111 L.Ed.2d at 21 (Brennan, J., dissenting, joined by Marshall, J.). First, we consider whether the language of the statement has a precise and readily understood meaning, while bearing in mind that the first amendment protects overly loose, figurative, rhetorical, or hyperbolic language, which negates the impression that the statement actually presents facts. Bryson, 174 Ill.2d at 100, 220 Ill.Dec. 195, 672 N.E.2d 1207; Quinn v. Jewel Food Stores, Inc., 276 Ill.App.3d 861, 865-67, 213 Ill.Dec. 204, 658 N.E.2d 1225 (1995); Barakat v. Matz, 271 Ill.App.3d 662, 671-72, 208 Ill.Dec. 111, 648 N.E.2d 1033 (1995); Kumaran, 247 Ill.App.3d at 228, 186 Ill.Dec. 952, 617 N.E.2d 191; Milkovich, 497 U.S. at 21, 110 S.Ct. at 2707, 111 L.Ed.2d at 19; Levin v. McPhee, 119 F.3d 189, 196 (2d Cir.1997); Levinsky's, Inc. v. Wal-Mart Stores, Inc., 127 F.3d 122, 129 (1st Cir.1997). Second, we consider whether the general tenor of the context in which the statement appears negates the impression that the statement has factual content. Bryson, 174 Ill.2d at 101, 220 Ill.Dec. 195, 672 N.E.2d 1207; Quinn, 276 Ill.App.3d at 865, 213 Ill.Dec. 204, 658 N.E.2d 1225; Barakat, 271 Ill.App.3d at 672, 208 Ill.Dec. 111, 648 N.E.2d 1033; Kumaran, 247 Ill. App.3d at 228, 186 Ill.Dec. 952, 617 N.E.2d 191; Milkovich, 497 U.S. at 21, 110 S.Ct. at 2707, 111 L.Ed.2d at 19; Levin, 119 F.3d at 196. Lastly, we consider whether the statement is susceptible of being objectively verified as true or false. Bryson, 174 Ill.2d at 100-01, 220 Ill.Dec. 195, 672 N.E.2d 1207; Quinn, 276 Ill.App.3d at 865, 213 Ill.Dec. 204, 658 N.E.2d 1225; Barakat, 271 Ill.App.3d at 671-72, 208 Ill.Dec. 111, 648 N.E.2d 1033; Kumaran, 247 Ill.App.3d at 228, 186 Ill.Dec. 952, 617 N.E.2d 191; Piersall v. SportsVision of Chicago, 230 Ill.App.3d 503, 510, 172 Ill.Dec. 40, 595 N.E.2d 103 (1992); Milkovich, 497 U.S. at 21, 110 S.Ct. at 2707, 111 L.Ed.2d at 19; Levin, 119 F.3d at 196. While this approach considers the context within which the alleged defamatory statement appears, its emphasis is on whether the statement contains an objectively verifiable assertion. See Milkovich, 497 U.S. at 19-21, 110 S.Ct. at 2706-07, 111 L.Ed.2d at 18-19. See generally D. McLean, Clarification of Fact/Opinion Distinction Badly Needed, 15 Comm. & L. 55, 55, 61-63 (December 1993); Note, Post-Milkovich Defamation: Is Everyone Still Entitled to Their Opinion?, 65 St. *104 John's L.Rev. 1105, 1108-09 (1991); N. Bowman, Milkovich Meets Modern Federalism in Libel Law: The Lost Opinion Privilege Gives Birth To the Enhanced State Constitutional Protection, 42 DePaul L.Rev. 583, 592, 607 (1992).
Before analyzing the statement at issue, we first note how we read the statement "fired because of incompetence." Considering that Hopewell has freely admitted in his pleadings against the Senator and to the press that he was "fired," we interpret the statement to mean that the basis for his firing was because he was incompetent or not capable.
After review of the considerations outlined above, we find that "fired because of incompetence" is nonactionable opinion. First, the statement does not have a precise and readily understood meaning. Regardless of the fact that "incompetent" is an easily understood term, its broad scope renders it lacking the necessary detail for it to have a precise and readily understood meaning. There are numerous reasons why one might conclude that another is incompetent; one person's idea of when one reaches the threshold of incompetence will vary from the next person's. Without the context and content of the statement to limit the scope of "incompetent," we cannot say that there is a precise meaning relating to the alleged defamatory statement.
Second, the tenor and context of the article in which the statement appeared also plainly show that the statement was nonactionable opinion. The article in which Vitullo's statement was found was riddled with allegations concerning the Senator's campaign financial affairs. The article asserted that these allegations were from either Hopewell's complaint or Hopewell's attorney. Readers easily could conclude that Vitullo's statement as well as Hopewell's allegations were efforts at posturing before the ensuing legal battle between the Senator and Hopewell. Moreover, there were no other assertions within the article developing Vitullo's accusation.
Lastly, the veracity of the statement cannot be verified. Although the public might infer undisclosed and unassumed facts that support Vitullo's opinion, the statement is so ambiguous and indefinite that any inferable facts flow from numerous possible facts that might conceivably support the conclusion that Hopewell was "incompetent." Without a more specific reference to Hopewell's conduct or character to narrow the undisclosed, implied facts to a finite group, one cannot reasonably determine which implied fact or set of facts was necessary to support Vitullo's opinion. As such, any reasonable determination of whether the statement's possible underlying facts are indeed false is foreclosed because it would entail an endless analysis of each and every fact connected with the execution of Hopewell's duties as treasurer and CFO of the Committee. Thus, we find that the statement is too broad, conclusory, and subjective to be objectively verifiable.
Moreover, our observation of the social context and setting in which the statement was published also leads us to conclude that readers would readily consider it an opinion without factual support. See Quinn v. Jewel Food Stores, Inc., 276 Ill.App.3d 861, 865, 213 Ill.Dec. 204, 658 N.E.2d 1225 (1995); Barakat v. Matz, 271 Ill.App.3d 662, 672, 208 Ill.Dec. 111, 648 N.E.2d 1033 (1995); Kumaran, 247 Ill.App.3d at 228, 186 Ill.Dec. 952, 617 N.E.2d 191. In light of today's ever controversial political climate and the conflict between the parties, the public most likely understood Vitullo's statement as substanceless rhetoric. Vitullo's statement followed a barrage of accusations from Hopewell's complaint and his attorney. The statement was essentially Vitullo's attempt to divert attention away from the Senator and the Committee's alleged mismanagement of campaign finances. As such, the social context undercuts a finding that the statement is actionable.
Even though our analysis leads us to conclude that the statement is nonactionable opinion, we note that the cases Hopewell cites for support are unpersuasive and distinguishable from the instant case. In each of those cases where the court found the alleged defamatory statements to be actionable, the court also found specific verifiable facts underlying those statements. See Barakat, 271 Ill.App.3d at 672, 208 Ill.Dec. 111, 648 N.E.2d 1033 (defendant's remarks that *105 "defendant `had patients from [plaintiff] before'; that defendant `found nothing wrong with his patients'; that plaintiff's `practice was a joke'; that plaintiff was not `any good as a doctor'; and that plaintiff's `opinion wasn't any good'" were found to be at least statements mixed with fact and opinion because the court believed that there was "an underlying factual basis which could be verified, i.e., previous patients from plaintiff which were examined by defendant"); Quality Granite Construction Co. v. Hurst-Rosche Engineers, Inc., 261 Ill.App.3d 21, 26-27, 198 Ill.Dec. 528, 632 N.E.2d 1139 (1994) (court found the defendant's statement that "`the [plaintiff]'s failure to complete the project in a timely manner, substandard workmanship, reluctance to complete punch list items and inability to correctly interpret the contract documents, plans and specifications as bid'" were actionable statements of mixed opinion and fact because the assertions were verifiable). But see McGuire v. Jankiewicz, 8 Ill. App.3d 319, 319, 290 N.E.2d 675 (1972) (the court found the statement "`you could not have chosen a worse attorney'" to be defamatory per se, but the court never sought to determine whether it was one of fact or opinion).
In fact, we find that the case law addressing statements similar to the one in the instant case further supports our conclusion that Vitullo's statement is one of nonactionable opinion. In Doherty, the court found the statements "that plaintiff was `incompetent,' `lazy,' `dishonest,' `cannot manage a business,' and/or `lacks the ability to perform landscaping services'" to be nonactionable opinion because there were no specific facts at the root of the statements. Doherty, 289 Ill. App.3d at 554, 556-57, 224 Ill.Dec. 602, 682 N.E.2d 163. Similarly, in Piersall, the court found defendant's statement that "[plaintiff] is a liar" to be nonactionable opinion because it lacked a factual basis surrounding the statement. Piersall, 230 Ill.App.3d at 511, 172 Ill.Dec. 40, 595 N.E.2d 103.
In conclusion, we note that in one sense all opinions imply facts; however, the question of whether a statement is actionable is one of degree. Illinois Tort Law § 5.02, at 5-5. "The vaguer and more generalized the opinion the more likely the opinion is nonactionable as a matter of law. To say that a businessman is guilty of `poor management' is, therefore, not defamatory." Illinois Tort Law § 5.02, at 5-5. In light of the authority reviewed above, we conclude that the alleged defamatory statement"fired because of incompetence"is too vague and general to support an action for defamation as a matter of law.

IV. CONCLUSION
Having found that Hopewell failed to allege an actionable defamatory statement to support his cause of action for defamation, we need not address the remaining issues raised on appeal. Therefore, for the above reasons, we affirm the circuit court of Cook County.
Affirmed.
TULLY and COUSINS, JJ., concur.