ROBERT L. BRUMLEY, Plaintiff-Appellant, v. TOUCHE, ROSS & COMPANY, Defendant-Appellee.

Second District No. 84—1091

Opinion filed December 12, 1985.

Stuart D. Gordon and William Biederman, both of Marks, Katz, Randall, Weinberg & Blatt, of Chicago, for appellant.

George J. Casson, Jr., and John W. Rotunno, both of Bell, Boyd & Lloyd, of Chicago, for appellee.

PRESIDING JUSTICE NASH delivered the opinion of the court:

Plaintiff, Robert L. Brumley, appeals from an order of the circuit court which dismissed his third amended complaint for failure to state a cause of action against defendant, Touche, Ross & Company, in which plaintiff sought recovery of damages premised upon the alleged professional negligence of defendant in its preparation of certified auditing reports for a third party, KPK Corporation, upon which plaintiff relied in purchasing KPK stock.

This is the second appeal to this court in this matter. In the first appeal taken from the dismissal of plaintiff's earlier complaint, we considered whether that complaint stated facts which would give rise to a duty owed by defendant to plaintiff. This court there considered the circumstances under which liability for negligent preparation of an auditing report by an accountant could extend to a third party with whom the accountant was not in privity. We concluded that a duty to a third party could exist, but that the allegations of plaintiff's former complaint were insufficient to give rise to it. *Brumley v. Touche Ross & Co.* (1984), 123 Ill. App. 3d 636, 463 N.E.2d 195.

On remand, plaintiff amended his complaint and the trial court again dismissed it for failure to state a cause of action, and plaintiff appeals.

In count II of his two-count third amended complaint, plaintiff has

restated the same allegations which this court considered and found insufficient to state a cause of action in the first appeal. Plaintiff has not urged the adequacy of count II in his brief and we will not consider it further.

Count I of the complaint essentially alleges that Touche, Ross is a partnership of certified public accountants which was employed from 1973 through 1977 as independent auditors for KPK Corporation. While so employed, Touche, Ross made examinations of the books and records of KPK and issued an audit report for the fiscal years 1974, 1975, and 1976. Plaintiff was a secured creditor of KPK, and, in 1977, when KPK defaulted on its agreements, plaintiff began negotiations to purchase an interest in KPK in lieu of foreclosure proceedings. In order for plaintiff to determine the value of the stock of KPK, its officers and directors gave plaintiff the audit reports of KPK and its subsidiaries which had been prepared by Touche, Ross for the 1976 fiscal year, a copy of which was attached to the complaint.

Plaintiff further alleged that at or about the time he received the audit reports he, or his representatives, advised Touche, Ross that plaintiff was interested in acquiring stock in KPK and that the audit reports had been submitted to plaintiff for the purpose of influencing his stock purchase decision. At that time, it is alleged, Touche, Ross knew plaintiff was a prospective purchaser of KPK stock and that he was using the information in the audit reports to formulate his offer for the purchase of KPK stock.

Count I also alleged that in the audit reports Touche, Ross represented that the statements therein "fairly [presented] the financial position of KPK Corporation and its subsidiaries at May 31, 1976, and 1975, and the results of their operations and changes in their financial positions for the years then ended, in conformity with generally accepted accounting principles during the period," and that in March, April and June, 1977, Touche, Ross confirmed to plaintiff that the audit reports accurately reflected the financial position of KPK.

The complaint alleged further that the audit report did not, in fact, fairly present the financial condition of KPK and that Touche, Ross' representations of its accuracy were erroneous, specifying the asserted errors. It alleged Touche, Ross knew, or should have known, that plaintiff would rely upon the accuracy of the audit report in determining the value of the stock and that plaintiff did rely upon it in the purchase of two-thirds of the KPK corporate stock in July 1977. Plaintiff alleged further that Touche, Ross' representation to him as to the accuracy of the audit report was negligently made and the report failed to disclose certain, specified liabilities of KPK. The com-

plaint concluded that as a consequence of Touche, Ross' negligent representations and plaintiff's reliance upon them in accepting the audit report, the value of the stock was overstated and plaintiff paid $750,000 more for the stock than would have been required had the audit report fairly presented the financial position of KPK; plaintiff sought damages in that amount.

In the first appeal of this case, we considered the circumstances in which an accountant may owe a duty to a third party for negligence in preparing an audit report for the accountant's client. Plaintiff then argued, and this court rejected, that an accountant's duty extends to all foreseeable parties who may rely upon his certified audit report to exercise due care in its preparation. Touche, Ross then argued, and this court also rejected, that such a duty extends only to those with whom the accountant was in privity. Defendant alternatively suggested in the first appeal that such a duty might extend to other parties who the accountant knew would rely upon his work. *Brumley v. Touche Ross & Co.* (1984), 123 Ill. App. 3d 636, 463 N.E.2d 195 *(Brumley I).*

In *Brumley I,* after reviewing the varied views expressed in other jurisdictions, this court concluded that a duty similar to that owed by an attorney to a third party who was not his client was also appropriate to an accountant in such circumstances. Plaintiff's complaint in that appeal, however, contained only allegations that would support a cause of action if the duty of the accountant was considered to extend to all potential investors in KPK Corporation on the single basis it was foreseeable that broad class of persons would consider a negligently prepared accountant's audit report to their damage. In determining that the complaint was thus insufficient to state a cause of action, we noted it failed to allege facts showing any closer relationship between the parties, *i.e.,* that the complaint "does not allege Touche Ross knew of plaintiff or that the report was to be used by KPK to influence plaintiff's purchase decision nor does it allege that was the primary purpose and intent of the preparation of the report by Touche Ross for KPK." *Brumley v. Touche Ross & Co.* (1984), 123 Ill. App. 3d 636, 642, 463 N.E.2d 195.

In considering the motion to dismiss plaintiff's third amended complaint after remand, the trial court concluded that the illustration from our earlier opinion just noted set forth definitive elements all of which must necessarily be alleged in order to state a cause of action. While plaintiff's present complaint does allege that Touche, Ross knew of plaintiff, that he relied upon the audit reports to make his purchase decision and that KPK used the report to influence plain-

tiff's decision, it did not allege that the report was primarily prepared by Touche, Ross for that intended purpose. As a result, the trial court granted defendant's motion to dismiss the complaint finding it to be insufficient to establish a duty to plaintiff by Touche, Ross.

In *Brumley I,* we sought to pattern the duty of an accountant after that of an attorney in regard to third parties who assert they have been damaged by professional negligence. The court in *Pelham v. Griesheimer* (1982), 92 Ill. 2d 13, 440 N.E.2d 96, considered that privity (attorney-client relationship) was not a prerequisite to establish a duty of professional care to a nonclient by an attorney. It determined, however, in cases where the attorney's representation of his client related to an adversarial matter (a dissolution of marriage proceeding in *Pelham*), that his obligations to the client must be paramount, and would not extend also to a third party. In such cases, "in order to create a duty on the part of the attorney to one other than a client, there must be a clear indication that the representation by the attorney is intended to directly confer a benefit upon the third party." (92 Ill. 2d 13, 23, 440 N.E.2d 96.) In applying that standard to the pleadings before it, the court concluded plaintiffs were, at most, only incidental beneficiaries of the relationship between the attorney and his client and not the primary beneficial object of it. Consequently, the complaint failed to state a cause of action.

Plaintiff contends, however, that our supreme court has modified the *Pelham* view in such cases, citing *Ogle v. Fuiten* (1984), 102 Ill. 2d 356, 466 N.E.2d 224, and argues that the "intent to directly benefit" standard as to attorneys applies only in adversarial representation matters, as in *Pelham,* and not where the matter is nonadversarial, as in the drafting of wills in *Fuiten.* Plaintiff suggests that as the relationship between accountant and client does not relate to adversarial matters, that a less direct standard would also apply here. In *Fuiten,* the court found that the complaint did state a cause of action brought against an attorney by a third party who was not his client.

We do not agree the supreme court has rejected or modified the "primary intent" rule stated in *Pelham* to be essential to establish a duty on the part of an attorney towards a nonclient for professional negligence. In *Fuiten,* plaintiffs alleged, *inter alia,* that the services of the defendant attorney employed by testators to draft their wills was obtained for the benefit of plaintiffs as the intended beneficiaries of the wills. (*Ogle v. Fuiten* (1984), 102 Ill. 2d 356, 363, 466 N.E.2d 224.) It is thus apparent that the standard applicable to the attorney-client-third-party relationship remains as stated in *Pelham.* See *York*

*v. Stiefel* (1983), 99 Ill. 2d 312, 320-21, 458 N.E.2d 488.

■ If, as we have held, a similar standard should apply in a tort action by a third party against an accountant, it is apparent that to be sufficient plaintiff's complaint must allege facts showing that the purpose and intent of the accountant-client relationship was to benefit or influence the third-party plaintiff. (*Pelham v. Griesheimer* (1982), 92 Ill. 2d 13, 21, 440 N.E.2d 96.) Plaintiff has alleged that at the time he was preparing to make an offer to purchase the stock, representatives of KPK Corporation furnished to him auditing reports earlier prepared for KPK by defendant Touche, Ross. Plaintiff also alleged that he advised Touche, Ross of his interest in acquiring KPK stock and that the reports prepared by defendant had been submitted to plaintiff for the purpose of influencing his stock purchase decision. The complaint further alleged Touche, Ross knew he was using the reports to formulate an offer for the stock and that defendant confirmed to plaintiff that its auditing report accurately reflected the financial position of its client KPK.

■ It seems apparent that when initially prepared by Touche, Ross its audit reports were not then primarily intended by the accountants and their client to be applied to benefit or influence plaintiff. However, it also appears from the allegations of the complaint that when the reports were subsequently furnished to plaintiff by KPK, and Touche, Ross was informed and verified their accuracy to plaintiff, that the *Pelham* standard was met at that time. As the complaint also alleges the traditional elements of negligence in tort, we conclude it is sufficient to state a cause of action.

■ Touche, Ross alternatively contends that should it be determined that count I of plaintiff's third-amended complaint is sufficient to state a cause of action, the claim would be barred by the five-year statute of limitations applicable thereto (Ill. Rev. Stat. 1983, ch. 110, par. 13—205). Defendant argues that plaintiff alleged in his amended complaint for the first time in July 1984, that Touche, Ross had confirmed the accuracy of the audit report in mid 1977, and its action on that grounds, brought seven years later, is thus barred.

We do not agree. Plaintiff's original complaint sought recovery of damages from defendant incurred after reliance upon its audit report which was alleged to have been negligently prepared. That complaint was timely filed, and it is apparent that the cause of action asserted in the third-amended complaint, which we consider here, grew out of the same transaction set up in the original pleading. (Ill. Rev. Stat. 1983, ch. 110, par. 2—616(b).) See *Krieger v. Village of Carpentersville* (1972), 8 Ill. App. 3d 243, 246-47, 289 N.E.2d 481.

Accordingly, the judgment of the circuit court is reversed and the cause remanded for further proceedings.

Reversed and remanded.

SCHNAKE and STROUSE, JJ., concur.