MICHAEL FELTY, Plaintiff-Appellant, v. DARRELL L. HARTWEG *et al.*, Defendants-Appellees.

Fourth District   No. 4—87—0817

Opinion filed April 28, 1988.

Robert M. Finch, of Finch Law Office, of Urbana, for appellant.

Quinn, Johnston, Henderson & Pretorius, of Peoria (Murvel Pretorius, Jr., and John P. Fleming, of counsel), for appellees.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

On August 20, 1987, plaintiff Michael Felty filed suit in the circuit court against defendants Darrell L. Hartweg and a law firm of which Hartweg was a member. The suit against the law firm was later abandoned. The essence of the complaint as amended was that Hartweg had been attorney for a closely held corporation (C—4 Computer Company, Inc.) in which plaintiff was a minority shareholder, and Hartweg failed to inform plaintiff of misconduct by officers of the corporation, thereby causing plaintiff to suffer loss. After a hearing on Hartweg's motion to dismiss, the court entered an order on October 14, 1987, dismissing the suit in bar of action because of the failure of the complaint as amended to state a cause of action. Plaintiff has appealed. We affirm.

The following general rules in regard to the duties of an

attorney are not disputed by the parties. An attorney can be liable for malpractice only to one to whom the attorney has a duty. (*Pelham v. Griesheimer* (1982), 92 Ill. 2d 13, 440 N.E.2d 96.) A fiduciary relationship exists between an attorney and a client, and the attorney owes the client the utmost fidelity, honesty, and good faith. (*Christison v. Jones* (1980), 83 Ill. App. 3d 334, 405 N.E.2d 8.) On the other hand, an attorney owes a duty to a nonclient only in the most limited circumstances. (*Gold v. Vasileff* (1987), 160 Ill. App. 3d 125, 513 N.E.2d 446.) Ordinarily, such a duty is owed to a nonclient when the nonclient is an intended beneficiary of an attorney-client relationship. (*Pelham*, 92 Ill. 2d 13, 440 N.E.2d 96; *Ogle v. Fuiten* (1983), 112 Ill. App. 3d 1048, 445 N.E.2d 1344, *aff'd* (1984), 102 Ill. 2d 356, 466 N.E.2d 224.) A shareholder in an ordinary corporation does not thereby become a beneficiary of an attorney-client relationship between a lawyer and the corporation in which he owns shares. The lawyer for the corporation does not, thereby, owe a fiduciary duty to the shareholder. *ABC Trans National Transport, Inc. v. Aeronautics Forwarders, Inc.* (1980), 90 Ill. App. 3d 817, 413 N.E.2d 1299.

Here, however, plaintiff made several allegations which he contends set forth special circumstances giving rise to an attorney-client relationship between Hartweg and him arising from his position as a minority shareholder in a closely held corporation for which Hartweg was counsel. Those allegations were that (1) in the spring of 1982, Hartweg was hired to prepare and file documents necessary to organize C—4 Computer Company, Inc. (C—4), and another corporation and to serve as counsel for those corporations; and (2) then and at all subsequent times, Hartweg "knew or should have known" (a) "an Illinois closely held corporation is in the nature of a partnership *** and [C—4's shareholders] were going to rely and did rely [on him] to act in the best interests of the individual shareholders," and (b) the intention of all the minority shareholders was that he would "communicate with the corporation in the nature of a partnership, rather than as a traditional corporation."

The complaint also alleged (1) the two described corporations were operated as a joint enterprise, and plaintiff was an employee of both; (2) two individuals who together constituted the majority shareholders of both corporations intermingled their assets and records with Hartweg's assistance; the two majority shareholders engaged in fraudulent finances about which Hartweg eventually learned but did not advise plaintiff; (3) Hartweg became aware some of the minority shareholders and employees were being compensated only by receipt of corporate stock or promise of other compensations in the future;

(4) implied in Hartweg's contract as counsel was an agreement he would work for the benefit and protection of the minority shareholders who were also employees, not permit intermingling of funds, and disclose fraudulent conduct by the officers of the corporation; and (5) in violation of his duties, Hartweg permitted intermingling of assets and records and did not disclose to plaintiff fraudulent conduct by the majority shareholders who ran C—4, thus causing plaintiff the loss of the value of his stock, possible royalties and the expense of representation in proceedings concerning C—4's bankruptcy.

Plaintiff cites no cases where a corporate attorney, even when representing a closely held corporation, has been held to be implied to have an attorney-client relationship with the shareholders arising from his position as corporate counsel. Rather, he cites cases which indicate shareholders of a corporation have been permitted to sue others who cause damage to the value of the shares thereby injuring the corporation. These cases do not concern the question of whether an attorney for a corporation has a duty of disclosure to its shareholders. In *Twohy v. First National Bank* (7th Cir. 1985), 758 F.2d 1185, the court held Spanish law was applicable, and it prevented a shareholder from suing a bank for the latter's alleged fraud in failing to provide agreed financing to the shareholder corporation. The court stated, however, that under Illinois law a wrongdoer damaging a corporation might be liable to a shareholder of the corporation if the wrongdoer had a contractual duty to the shareholder, or the shareholder suffered an injury different from other shareholders. Such a case was *Buschmann v. Professional Men's Association* (7th Cir. 1969), 405 F.2d 659, where a shareholder who was also a guarantor on the note of the corporation had a cause of action against one who had allegedly breached a contract with the corporation.

Of more significance is the case of *Zokoych v. Spalding* (1976), 36 Ill. App. 3d 654, 344 N.E.2d 805, but it, too, concerns the infliction of damage rather than a duty of an attorney to make disclosure. There, the plaintiff and a defendant each had owned 50% of the shares of a corporation, and evidence showed they had held themselves out as partners and had an agreement to act in that manner. The plaintiff brought suit against the shareholder defendant and others contending, among other things, that defendant had breached an agreement with him by diverting assets of the corporation. In holding the plaintiff had a cause of action against that defendant, the court stated defendant's conduct "caused injury both to the corporation and to plaintiff individually *as a stockholder.*" (Emphasis added.) *Zokoych*, 36 Ill. App. 3d at 663, 344 N.E.2d at 813.

Here, the complaint does not charge Hartweg with damaging C—4. Rather, it charges him with not stopping or disclosing improper conduct of the corporate officials. Thus, even if the cases cited by plaintiff would, in some way, permit recovery by plaintiff against Hartweg for damage he had imposed on C—4, even though no contractual relationship existed between plaintiff and Hartweg, such a theory would not enable plaintiff to obtain recovery against Hartweg for breach of the fiduciary duties arising from an attorney-client relationship. The allegation that he should have known he was expected to protect the minority shareholders is an allegation which places upon him a duty not imposed by law. Even if, as alleged, he knew of those expectations, that would not necessarily have imposed a duty which he would owe to a client. In any event, as the charge is alleged in the disjunctive, it is an improper allegation, because the duty cannot be imposed on a theory Hartweg should have known of the expectations. Plaintiff maintains a fiduciary duty owed to him by Hartweg arose because Hartweg was hired to prepare the documents to incorporate C—4, and he was an incorporator. The complaint alleges Hartweg was hired for that purpose but does not allege plaintiff was an incorporator.

In *Pelham v. Griesheimer* (1982), 92 Ill. 2d 13, 440 N.E.2d 96, the supreme court held privity between attorney and client was no longer necessary to create an attorney-client relationship, as that relationship could be created under circumstances where one can become a beneficiary of the obligations of an attorney as the third-party beneficiary of a contract between an attorney and another person. Thus, here, the minority shareholders might have become a beneficiary of a contract between C—4 and Hartweg if they had made such an agreement. However, no such agreement is alleged. Rather, the contention is the minority shareholders intended that Hartweg look out for their interests.

The *Pelham* court pointed out that courts should be reluctant to infer persons to be third-party beneficiaries of an attorney-client contract when they have adverse interests to the person or entity to whom the attorney already has a fiduciary obligation. The court explained that to do so can often put a lawyer in a position of conflicting interests when the lawyer did not intend this to happen. Even in closely held corporations, minority shareholders often have conflicting interests with the corporation. Particularly that would be true where, as alleged here, the shareholder was also an employee of the corporation.

We agree with the circuit court that the complaint here should not

be deemed to state a cause of action against Hartweg. We affirm the decision to dismiss the complaint in bar of action.

Affirmed.

McCULLOUGH and LUND, JJ., concur.