**TRICONTINENTAL INDUSTRIES LTD., a British Columbia corporation, and Tricontinental Distribution Limited, formerly known as Texcan Cables Limited, a Canadian corporation, Plaintiff,**

v.

**Alan B. ANIXTER, Scott C. Anixter, Carl E. Putnam, Donald Welchko, individuals, and PricewaterhouseCoopers, LLP, Defendants.**

No. 01 C 5526.

United States District Court, N.D. Illinois, Eastern Division.

Jan. 29, 2004.

George L. Saunders, Jr., Saunders & Monroe, Terry Rose Saunders, Thomas Authur Doyle, Saunders & Doyle, Chicago, IL, for Plaintiffs.

Steven Joseph Roeder, Williams, Montgomery & John, Ltd., Michael D. Freeborn, Fred L. Foreman, Jason Christopher DeSanto, Douglas Alan Albritton, Freeborn & Peters, Edward T. Joyce, Edward T. Joyce & Associates, P.C., Vincent J. Connelly, Heather O'Farrell Townsend, John Frederick Schomberg, Paris A. Wynn, Jennifer Lynn Rakstad, Melissa J. Pastrana, Mayer, Brown, Rowe & Maw, LLP, Theodore Thomas Poulos, Terence H. Campbell, Cotsirilos, Stephenson, Tighe & Streicker, Robert J. Kopecky, Barry E. Fields, James John Bolan, Andrea Robin Wood, Lauren Oland Casazza, Kirkland & Ellis, LLP, Chicago, IL, Brian E. Pastuszenski, John J. Falvey, Jr., Courtney Worcester, Testa, Hurwitz & Thibeault, LLP, Boston, MA, Leo P. Cunningham, Jeffrey E. Tsai, Bruce G. Vanyo, Wilson, Sonsini, Goodrich & Rosati, Palo Alto, CA, Laurie B. Smilan, Timothy D. Belevetz, David P. O'Brien, Wilson, Sonsini, Goodrich & Rosati, P.C., Reston, VA, for Defendants.

### MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Tricontinental Industries Ltd. and Tricontinental Distribution Ltd., formerly known as Texcan Cables, Ltd. (collectively, "Tricontinental"), sold assets to Anicom, Ltd. ("Anicom"), in exchange for Anicom stock. Tricontinental sues individual officers and directors of Anicom as well as PricewaterhouseCoopers, LLP ("PwC"), an accounting firm that provided auditing and consulting services to Anicom in the

time surrounding the transaction, for violations of the Securities Acts of 1933 and 1934 and for violations of several Illinois laws. I have previously dismissed the claims arising against PwC, *Tricontinental Indus., Ltd. v. Anixter*, 184 F.Supp.2d 786 (N.D.Ill.2002), as well as the claims against the individual officers and directors arising under the Securities Act of 1933. *Id.* I have further granted the individual defendants' motion to dismiss with regard to certain oral statements and press releases. *Tricontinental Indus., Ltd. v. Anixter*, 215 F.Supp.2d 942 (N.D.Ill.2002). Tricontinental has since filed an amended complaint, adding two new claims: (1) Count IV, negligent misrepresentation on the part of PwC; and (2) Count V, common law fraud, specifically fraudulent concealment, against both PwC and the individual defendants. PwC moves to dismiss both claims against it; the individual defendants move to dismiss the common law fraud claim against them, as well as to dismiss certain statements alleged by Tricontinental in support of its other claims. I grant the motions.

## I.

■ PwC moves to dismiss Count IV, negligent misrepresentation. On a motion to dismiss, I take all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *First Ins. Funding Corp. v. Federal Ins. Co.*, 284 F.3d 799, 804 (7th Cir.2002). To sustain a claim of negligent misrepresentation, Tricontinental must allege a false statement of material fact on the part of PwC. *Bd. of Educ. v. A, C and S*, 131 Ill.2d 428, 452, 137 Ill.Dec. 635, 546 N.E.2d 580 (1989). Tricontinental must also allege that PwC had a duty to Tricontinental to communicate accurate material. *Id.* Generally, under Illinois law, an auditor is only liable to those in privity of contract with him. *Wafra Leasing v.*

*Prime Capital Corp.*, 192 F.Supp.2d 852, 871–872 (N.D.Ill.2002) (Bucklo, J.) (citing the Illinois Public Accounting Act, 225 ILCS § 450/30.1). Auditors, such as PwC, also owe a duty to third parties with whom they are not in privity of contract when they are aware that a previously prepared audit has been furnished to the third party and if the auditor at that time verifies the accuracy of the audit to the third party. *Id.* at 873. Nothing in the amended complaint alleges a false statement of material fact from PwC to Tricontinental, nor is there any allegation that PwC owed a duty to Tricontinental. Tricontinental does not allege that it was in privity of contract with PwC. While PwC may have been aware that the 1997 audit prepared by PwC had been given to Tricontinental, nowhere in the amended complaint does Tricontinental allege that PwC then verified the accuracy of the audit. Tricontinental has not alleged sufficient facts to support a claim of negligent misrepresentation, and I grant PwC's motion to dismiss Count IV.

## II.

■ PwC also moves to dismiss Count V, common law. As Tricontinental's claim of fraudulent concealment is a form of fraud, the claim must be pleaded with a heightened level of specificity. Fed. Rule Civ.P. 9(b). To satisfy this requirement, Tricontinental must plead the "who, what, when, where, and how" involved in the alleged fraud. *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir.1990). Tricontinental does not meet this burden. Nothing in the pleadings before me alleges with this degree of particularity representations made by PwC after Tricontinental's stock purchase. Tricontinental does allege omissions on the part of PwC. However, as discussed in my previous memorandum opinion of July 18, 2002, PwC had no duty to reveal misleading statements on the part of its clients. *Chestnut Corp. v. Pes-*

tine, Brinati, Gamer, Ltd., 281 Ill.App.3d 719, 217 Ill.Dec. 454, 667 N.E.2d 543 (1996). Alleged omissions on the part of PwC of alleged misrepresentations on the part of Anicom's officers and directors cannot sustain a claim of fraudulent concealment.

Further, Rule 9(b) also requires that the plaintiff plead with specificity sufficient facts to "provide a basis for believing that [they] could prove *scienter* at trial." *Kriendler v. Chemical Waste Mgmt., Inc.,* 877 F.Supp. 1140, 1152 (N.D.Ill.1995)(Castillo, J.). Conclusory statements as to PwC's knowledge are not sufficient. *See, e.g., DiLeo,* 901 F.2d at 629. Nothing in the amended complaint provides anything beyond conclusory statements about PwC's knowledge. For these reasons, I grant PwC's motion to dismiss Count V of the amended complaint.

### III.

■ Scott C. Anixter, Alan B. Anixter, Carl E. Putnam, and Donald Welchko (collectively, "individual defendants") have also moved to dismiss Count V of the amended complaint, as well as certain other aspects of the complaint. Specifically, they move to dismiss the use of certain oral statements and press releases alleged in support of Tricontinental's claims. While Tricontinental alleges statements that technically conform to the particularity requirement of Rule 9(b), these statements are not sufficient to support their claims of fraud. First, only statements attributed to an individual or collectively to the identified four individual defendants are sufficiently particular; statements attributed to Anicom or to defendants generally are not. *See, e.g., Sears v. Likens,* 912 F.2d 889, 893 (7th Cir.1990) ("A complaint that attributes misrepresentations to all defendants, lumped together for pleading purposes, generally is insufficient."). Second, even those statements attributed to individual defendants by Tricontinental are

insufficient to support the claim of fraud. A number of these statements have already been dismissed by this Court, and will not be reconsidered here. *See Tricontinental Indus. Ltd. v. Anixter,* 215 F.Supp.2d 942 (N.D.Ill.2002)(declaring statements not actionable that correspond to ¶ 31, 33 and 42 of the amended complaint).

Tricontinental alleges additional oral statements and press releases attributed to the individual defendants to support its claims. *See* Amended Complaint, ¶ 27, 50, 65, 70, 71. However, as discussed in my previous memorandum opinion of July 18, 2002, statements which consist of predictions and forecasts, as these statements do, are not actionable. *See, e.g., Searls v. Glasser,* 64 F.3d 1061, 1066 (7th Cir.1995)(stating that such statements are "better described as puffery rather than as material statements of fact"). These oral statements and press releases are not actionable. As Tricontinental alleges no further support for its claim of fraudulent concealment, I also grant the individual defendants' motion to dismiss Count V.