821 N.E.2d 719 (2004)
354 Ill. App.3d 930
290 Ill.Dec. 407
Robert J. KOPKA, Plaintiff-Appellant,
v.
KAMENSKY AND RUBENSTEIN, Morton Kessel, Barry Rosenthal, and Altschuler, Melvoin and Glasser, Defendants-Appellees.
No. 1-03-1299.
Appellate Court of Illinois, First District, Fourth Division.
December 16, 2004.
*721 Kopka, Pinkus & Dolin, P.C., Chicago (Jacqueline M. Satherlie, of counsel), for Appellant.
Hinshaw & Culbertson, LLP (Timothy G. Shelton and Jason G. Wehrle, of counsel) and Piper Rudnick, LLP (Lawrence A. Wojcik, Dennis J. Powers and Paula D. Friedman, of counsel), Chicago, for Appellee.
Justice QUINN delivered the opinion of the court:
Plaintiff Robert Kopka (Kopka) appeals from an order of the circuit court of Cook County dismissing his amended complaint which alleged breach of fiduciary duty, breach of retainer and negligence against defendants Kamensky & Rubenstein (K & R) a law firm, Altschuler, Melvoin & Glasser (AMG) an accounting firm, and Morton Kessel and Barry Rosenthal, partners at AMG. On appeal, Kopka contends that the circuit court erred in finding that his amended complaint failed to adequately allege that K & R and AMG owed plaintiff, personally, a duty of care or a fiduciary duty where he was neither in privity with nor an intended third-party beneficiary of the attorney-client and accountant-client relationships with K & R and AMG.

I. Background
Landau, Omahana & Kopka (LOK Illinois) was an Illinois law firm and closely held corporation. Kopka, Byron Landau and Gail Omahana were the only shareholders of the corporation. Kopka, Landau and Omahana were also the sole shareholders of a Michigan corporation (LOK Michigan) and are the general partners of an Indiana partnership (LOK Indiana). Kopka refers to all three firms jointly as "LOK." Barry Rosenthal and Morton Kessel are partners at AMG, an Illinois accounting firm. K & R is an Illinois law firm.
On December 5, 1998, Kopka tendered his 30-day written notice of resignation, effective January 4, 1999, from all three LOK firms. According to the terms of the shareholders' agreement, LOK was responsible for repurchasing Kopka's shares at the original issue price, but the corporation failed to repurchase these shares. At the time of Kopka's resignation, LOK owed a $5.5 million promissory note to the American National Bank and Trust of Chicago (American National). Kopka, Landau and Omahana had executed individual personal guarantees for the note.
On January 7, 1999, Kopka formed a new law firm in Indiana, named Kopka, Landau & Pinkus. On January 11, 1999, K & R assisted Landau and Omahana to incorporate a new firm in Illinois, named Landau & Omahana, Ltd. (LO). Kopka alleges that Landau and Omahana, with assistance from K & R, converted assets from LOK for use at their new firm. Kopka also alleges that LOK retained AMG to "provide tax and accounting services for the LOK entities," but that AMG assisted Landau and Omahana in securing financing for their new firm. Kopka maintains that AMG misrepresented LO's financial position to American National, so that this new firm was treated as a successor to *722 LOK and was therefore allowed to use LOK's assets. Kopka alleged that LO collected accounts-receivable funds owed to LOK and did not credit the funds toward LOK's debt.
In March 1999, American National accelerated the note owed by LOK and demanded payment in full. On March 26, 1999, American National filed a complaint in the circuit court of Cook County, against LOK, Kopka, Landau, Omahana and others. Kopka claims that he personally paid $150,000 for partnership obligations of LOK Indiana during litigation with American National. In November 2000, Kopka reached a settlement with American National, paying a sum of money in exchange for a release of his personal guaranty of the LOK loan.
On September 19, 2002, Kopka filed an amended complaint alleging breach of fiduciary duty, breach of retainer, and negligence against defendants K & R, AMG, Kessel and Rosenthal. Kopka alleged that Landau and Omahana depleted the assets of LOK with the assistance of K & R and AMG, depriving him of payment for his shares upon his resignation and causing American National to file suit to recover on his personal guaranty for LOK's note.
K & R and AMG, Kessel and Rosenthal filed independent motions to dismiss Kopka's amended complaint pursuant to section 2-615 of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2002)). Both motions asserted that Kopka lacked standing to assert his claims, failed to allege the existence of a duty and failed to state actionable claims for breach of contract and negligence. Kessel and Rosenthal also moved to dismiss on the basis that Kopka failed to allege any breaches by them individually.
On April 4, 2003, the circuit court granted defendants' motions and dismissed Kopka's amended complaint pursuant to section 2-615 of the Code. The court held, inter alia, that Kopka alleged sufficient facts to establish standing to bring his claims; that Kopka failed to establish that K & R and AMG owed him, personally, a fiduciary duty and duty of care where he was neither in privity with K & R or AMG, nor an intended third-party beneficiary of K & R or AMG's relationships with LOK; and that Kopka failed to allege facts in support of his negligence claim to establish that any alleged breach of the duty of care proximately caused an injury.
On appeal, Kopka contends that the circuit court erred in finding that he failed to establish that K & R and AMG owed him a duty of care and fiduciary duty. Kopka maintains that, pursuant to current trends in case law, neither privity nor status as an intended third-party beneficiary is necessary to establish his negligence and breach-of-fiduciary-duty claims against K & R and AMG. Rather, Kopka asserts that K & R and AMG, as attorneys and accountants for LOK, owed him a duty of care and fiduciary duty because he was a shareholder in two of the LOK entities and a general partner of the other entity.

II. ANALYSIS

A. Standard of Review
This court reviews a trial court's dismissal based upon section 2-615 de novo. Hopewell v. Vitullo, 299 Ill.App.3d 513, 516, 233 Ill.Dec. 456, 701 N.E.2d 99 (1998). A section 2-615 motion attacks the legal sufficiency of a complaint, and this court's inquiry is limited to whether the allegations of the complaint, when viewed in the light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief can be granted. Vernon v. Schuster, 179 Ill.2d 338, 344, 228 Ill.Dec. 195, 688 N.E.2d 1172 (1997). In order to withstand a motion to dismiss based on *723 section 2-615, a complaint must allege facts sufficiently setting forth the essential elements of the cause of action. Urbaitis v. Commonwealth Edison, 143 Ill.2d 458, 475, 159 Ill.Dec. 50, 575 N.E.2d 548 (1991). This court must accept as true all well-pled factual allegations contained in the complaint and construe all reasonable inferences therefrom in favor of plaintiff. Vernon, 179 Ill.2d at 341, 228 Ill.Dec. 195, 688 N.E.2d 1172. However, a plaintiff cannot rely simply on conclusions of law or fact unsupported by specific factual allegations. Anderson v. Vanden Dorpel, 172 Ill.2d 399, 408, 217 Ill.Dec. 720, 667 N.E.2d 1296 (1996).

B. Kopka's Claim that He Pled Sufficient Facts to State a Cause of Action for Negligence Where He Established that K & R and AMG Owed Him a Duty of Care
Kopka first contends that the circuit court erred in finding that he failed to set forth sufficient facts to support a claim for negligence. Kopka specifically argues that the court erroneously determined that K & R and AMG did not owe him a duty of care because Kopka failed to establish privity or that he was an intended third-party beneficiary of K & R and AMG's relationships with LOK. Kopka maintains that the existence of privity or status as an intended third-party beneficiary is not necessary to establish a duty of care in this case. Rather, Kopka asserts that K & R and AMG, as the attorneys and accountants for LOK, owed him a duty of care because he was a general partner in LOK Indiana and a shareholder in LOK Illinois and LOK Michigan, closely held corporations. We disagree.
To state a cause of action for negligence properly, a plaintiff must establish the following elements: that the defendant owed a duty of care to the plaintiff; that the defendant breached that duty; and that the breach was the proximate cause of the plaintiff's injuries. Nowak v. Coghill, 296 Ill.App.3d 886, 892, 231 Ill.Dec. 15, 695 N.E.2d 532 (1998). Whether a duty exists is a question of law for the determination of the trial court. Nowak, 296 Ill.App.3d at 892, 231 Ill.Dec. 15, 695 N.E.2d 532. In order for the trial court to find the existence of a duty, the defendant and the plaintiff must stand in such a relationship to one another that the law imposes upon the defendant an obligation of reasonable conduct for the benefit of the plaintiff. Schechter v. Blank, 254 Ill.App.3d 560, 563, 193 Ill.Dec. 947, 627 N.E.2d 106 (1993). Consequently, an attorney can only be liable in negligence to persons to whom he or she owes a duty. Schechter, 254 Ill.App.3d at 563, 193 Ill.Dec. 947, 627 N.E.2d 106.
The general rule in Illinois is that an attorney owes a duty of care only to his client and not to third parties. Pelham v. Griesheimer, 92 Ill.2d 13, 19, 64 Ill.Dec. 544, 440 N.E.2d 96 (1982). This limited liability serves to protect the personal, highly confidential and fiduciary nature of the attorney-client relationship. Schechter, 254 Ill.App.3d at 564, 193 Ill.Dec. 947, 627 N.E.2d 106. However, a narrow exception to this privity requirement has been carved out in limited circumstances. An attorney or an accountant owes a duty to a third party only where hired by the client specifically for the purpose of benefitting that third party. Pelham, 92 Ill.2d at 21, 64 Ill.Dec. 544, 440 N.E.2d 96; Builders Bank v. Barry Finkel & Associates, 339 Ill.App.3d 1, 8-9, 273 Ill.Dec. 888, 790 N.E.2d 30 (2003). In order for a nonclient third party to succeed in a negligence action against an attorney, he must prove that the primary purpose and intent of the attorney-client relationship itself was to benefit or influence the third party. Pelham, 92 Ill.2d at *724 21, 64 Ill.Dec. 544, 440 N.E.2d 96. Similarly, in order for a nonclient third party to succeed in a negligence action against an accountant, he must prove that the primary intent of the client was for the professional services to benefit or influence the third party. Builders Bank, 339 Ill.App.3d at 8, 273 Ill.Dec. 888, 790 N.E.2d 30.
Section 30.1 of the Illinois Public Accounting Act (Act) (225 ILCS 450/30.1 (West 2002)) specifically provides that an accountant may be held liable to persons not in privity when "such person, partnership or corporation was aware that a primary intent of the client was for the professional services to benefit or influence the particular person bringing the action."
In this case, Kopka acknowledges that he did not allege that he was in privity with either K & R or AMG or that he was an intended third-party beneficiary of the services K & R and AMG provided for LOK. There were no facts alleged in the amended complaint indicating that Kopka individually retained either K & R or AMG or that Kopka was an intended third-party beneficiary of the services provided. Rather, LOK hired K & R and AMG in December 1998, after Kopka gave notice of his intent to resign from LOK but before such resignation became effective on January 4, 1999.
However, Kopka maintains that the circuit court should have imposed a duty of care, irrespective of the existence of privity or status as a third-party beneficiary, because the services K & R and AMG provided to LOK directly impacted him as a shareholder and general partner where he was personally liable for LOK's obligations. In making this argument, Kopka relies on the decision of the Indiana Supreme Court in Rice v. Strunk, 670 N.E.2d 1280 (Ind.1996). In Rice, the general partner of a partnership brought legal malpractice and fraud claims against the law firm that had represented the partnership. The Supreme Court of Indiana determined that the attorneys for the partnership had an attorney-client relationship with both the partnership and each individual partner. The court also determined that to the extent that the partners agree that the partnership will be managed in a form other than by all the partners acting in aggregate, the attorney-client relationship will run to the partnership as an entity acting through its duly authorized management. Rice, 670 N.E.2d at 1288-89.
However, we find that Kopka's contentions and reliance on Rice are contrary to Illinois law. In Felty v. Hartweg, 169 Ill.App.3d 406, 119 Ill.Dec. 799, 523 N.E.2d 555 (1988), the appellate court rejected a similar argument. In Felty, the plaintiff argued that the appellate court should impose a duty on the closely held corporation's attorney to the corporation's minority shareholders where, inter alia, the attorney knew or should have known that the shareholders would rely on his services. The appellate court determined that the plaintiff failed to establish the existence of an implied attorney-client relationship between the attorney and these shareholders or that these shareholders were intended third-party beneficiaries of the relationship between the attorney and the corporation. The court therefore declined to recognize any duty owed by the corporate attorney to the minority shareholders. In doing so, the appellate court observed that "[e]ven in closely held corporations, minority shareholders often have conflicting interests with the corporation." Felty, 169 Ill.App.3d at 410, 119 Ill.Dec. 799, 523 N.E.2d 555.
Similarly, in Torres v. Divis, 144 Ill.App.3d 958, 964, 98 Ill.Dec. 900, 494 N.E.2d 1227 (1986), the appellate court refused to impose on an attorney, retained *725 by only one of several incorporators for the purpose of organizing a corporation, a duty to act on behalf of all of the incorporators in the absence of an agreement that the attorney was to do so. Furthermore, in Bevelheimer v. Gierach, 33 Ill.App.3d 988, 993-94, 339 N.E.2d 299 (1975), the appellate court determined that the sole shareholder of the corporation, who had procured a lease and assigned it to the corporation, had no cause of action against the corporation's attorney, who allegedly breached his promise to renew the lease. The court noted that the sole shareholder and the corporation were two distinct entities and because the lease was assigned to the corporation, any duty the attorney owed regarding the lease was to the corporation and not to the sole shareholder personally. Bevelheimer, 33 Ill.App.3d at 993, 339 N.E.2d 299.
Kopka, nonetheless, argues that this court's decision in Thornwood, Inc. v. Jenner & Block, 344 Ill.App.3d 15, 278 Ill.Dec. 891, 799 N.E.2d 756 (2003), demonstrates a new trend to broaden the scope of an attorney's liability to persons who are neither in privity with nor intended third-party beneficiaries of the attorney-client relationship. However, we find Kopka's reliance on Thornwood, Inc. unconvincing.
In Thornwood, Inc., the plaintiff alleged that the attorneys for his former partner aided and abetted his former partner in breaching his fiduciary duty, as well as in a scheme to defraud and a scheme of fraudulent inducement. The trial court determined that the plaintiff had previously released his claims against the attorneys and dismissed the plaintiff's complaint. This court reversed, holding that the plaintiff raised a material issue of fact as to whether the release he signed was valid. In doing so, this court noted that an attorney should not be permitted to "`"use his license to practice law as a shield to protect himself from the consequences of his participation [in assisting a client in the commission of a tort]."'" Thornwood, Inc., 344 Ill.App.3d at 28, 278 Ill.Dec. 891, 799 N.E.2d 756, quoting Celano v. Frederick, 54 Ill.App.2d 393, 400, 203 N.E.2d 774 (1964), quoting Wahlgren v. Bausch & Lomb Optical Co., 68 F.2d 660, 664 (7th Cir.1934).
Unlike the present case, the plaintiff in Thornwood, Inc. did not file a claim for direct professional negligence or breach of a fiduciary duty against his former partnership's attorneys. Rather, the plaintiff in Thornwood, Inc. accused his former partner's attorneys of aiding and abetting his former partner in breaching his fiduciary duty, as well as aiding and abetting a scheme to defraud and a scheme of fraudulent inducement. Here, Kopka seeks to impose a direct duty of care on the corporation's attorneys and accountants to him absent any showing of privity or status as an intended third-party beneficiary. Contrary to Kopka's contentions, this court did not impose such a duty on the attorneys in Thornwood, Inc. or hold that attorneys for a partnership are obligated to treat each partner's interest equally. Instead, this court determined that there was no reason to impose a per se bar that would prevent imposing liability upon attorneys who knowingly and substantially assist their clients in the commission of a tort. Thornwood, Inc., 344 Ill.App.3d at 28-29, 278 Ill.Dec. 891, 799 N.E.2d 756.
Kopka also argues that a trend in the case law exists to support expanding the duty of care owed by accountants to persons who are neither in privity nor intended third-party beneficiaries but, rather, to all persons who accountants foresee will rely on their work. Kopka contends that this trend is supported by the fact that privity is no longer a prerequisite to imposing a duty upon an accountant, relying *726 on the appellate court holdings in Brumley v. Touche Ross & Co., 123 Ill.App.3d 636, 79 Ill.Dec. 57, 463 N.E.2d 195 (1984) (Brumley I), and Brumley v. Touche, Ross & Co., 139 Ill.App.3d 831, 93 Ill.Dec. 816, 487 N.E.2d 641 (1985) (Brumley II).
In Brumley I, the appellate court reviewed the issue of accountant liability at common law and looked to two Illinois Supreme Court cases for guidance: Rozny v. Marnul, 43 Ill.2d 54, 250 N.E.2d 656 (1969), and Pelham, 92 Ill.2d at 13, 64 Ill.Dec. 544, 440 N.E.2d 96. The court in Rozny recognized that a nonprivity party could bring an action in Illinois against a surveyor for negligent misrepresentation. The Pelham court held that an attorney could owe a duty to a third party who was not his client if the attorney was acting at the direction of or on behalf of his client to benefit or influence the third party. Based on these opinions, the Brumley I court held that an accountant owed a duty to third parties who relied on his report or opinion if the accountant was acting at the direction of or on behalf of his client to benefit or influence the third-party. Brumley I, 123 Ill.App.3d at 642, 79 Ill.Dec. 57, 463 N.E.2d 195. The court in Brumley II then considered an amended complaint and clarified its previous holding by stating: "[T]o be sufficient plaintiff's complaint must allege facts showing that the purpose and intent of the accountant-client relationship was to benefit or influence the third-party plaintiff." Brumley II, 139 Ill.App.3d at 836, 93 Ill.Dec. 816, 487 N.E.2d 641.
One year after the decision in Brumley II, section 30.1 of the Act was enacted. 225 ILCS 450/30.1 (West 2002). It now governs liability to third parties not in privity with an accountant and sets forth the only circumstances under which an accountant may be sued by a third-party for negligence in rendering his professional services. Builders Bank, 339 Ill.App.3d at 8, 273 Ill.Dec. 888, 790 N.E.2d 30.
Relative to the pleadings in the case at bar, section 30.1 of the Act provides that an accountant may be held liable to a third party when "such person, partnership or corporation was aware that a primary intent of the client was for the professional services to benefit or influence the particular person bringing the action." 225 ILCS 450/30.1 (2)(West 2002). In construing section 30.1 of the Act, this court has held that for a nonprivity third party to hold an accountant liable, the party must show: (1) the intent of the client for the accountant's work to benefit or influence the third party; and (2) the accountant's knowledge of that intent. Builders Bank, 339 Ill.App.3d at 7, 273 Ill.Dec. 888, 790 N.E.2d 30, citing Chestnut Corp. v. Pestine, Brinati, Gamer, Ltd., 281 Ill.App.3d 719, 724, 217 Ill.Dec. 454, 667 N.E.2d 543 (1996). Accordingly, we reject Kopka's assertion that the corporation's accountant, AMG, owed a duty of due care to all persons who would foreseeably rely on its statements, as this is not the law in Illinois. Builders Bank, 339 Ill.App.3d at 7, 273 Ill.Dec. 888, 790 N.E.2d 30.
Further, we find that the circuit court properly dismissed Kopka's negligence claim where he failed to allege facts supporting a breach of any duty and how such a breach proximately caused an injury. Nowak, 296 Ill.App.3d at 892, 231 Ill.Dec. 15, 695 N.E.2d 532. Kopka pleaded that K & R was negligent by representing the interests of Landau and Omahana ahead of those of his own, when K & R assisted in the incorporation of LO, which allegedly diverted funds from LOK. However, as the circuit court noted, Kopka failed to plead any facts indicating how any acts of K & R proximately caused LOK to fail to repurchase his shares in the corporation because the fact that LO was incorporated was not *727 a proximate cause of any damages incurred by Kopka. Kopka also failed to indicate how his asserted damages in having to pay partnership obligations was attributable to K & R's actions. In addition, Kopka pleaded that AMG was negligent in failing to properly provide tax services and for preparing projections of LOK's revenue, when LOK was no longer operating, for the purpose of allowing Landau and Omahana to divert LOK's assets. However, Kopka failed to plead any facts to show that any of these alleged actions by AMG were a breach of a duty that proximately caused him to suffer damages, including LOK's failure to re-purchase his shares in the corporation and Kopka's obligation to pay partnership obligations.

C. Kopka's Claim that the Circuit Court Erred in Finding that K & R and AMG did not Personally Owe Him a Fiduciary Duty
Kopka also contends that the circuit court erred by dismissing his breach of fiduciary duty claims, where both K & R and AMG had a fiduciary relationship with LOK and therefore also owed him a fiduciary duty based on his status as shareholder and partner in the LOK entities. We disagree.
An attorney can be liable for malpractice only to one to whom the attorney owes a duty. Felty, 169 Ill.App.3d at 408, 119 Ill.Dec. 799, 523 N.E.2d 555. A fiduciary relationship exists between an attorney and client, and the attorney owes the client the utmost fidelity, honesty, and good faith. Felty, 169 Ill.App.3d at 408, 119 Ill.Dec. 799, 523 N.E.2d 555. On the other hand, an attorney owes a duty to a nonclient only when the nonclient is an intended beneficiary of an attorney-client relationship. Felty, 169 Ill.App.3d at 408, 119 Ill.Dec. 799, 523 N.E.2d 555. Similarly, for a nonprivity third party to hold an accountant liable, the party must show that the client intended for the accountant's work to benefit or influence the third party and that the accountant had knowledge of that intent. Builders Bank, 339 Ill.App.3d at 7, 273 Ill.Dec. 888, 790 N.E.2d 30.
In this case, Kopka acknowledges that he failed to allege that he was in privity or an intended third-party beneficiary of K & R and AMG's relationships with LOK. Rather, Kopka asserts that this court should find that since K & R and AMG owed a fiduciary duty to LOK, they should also owe him a fiduciary duty as a shareholder and partner of that corporation. However, this court rejected a similar argument in Hager-Freeman v. Spircoff, 229 Ill.App.3d 262, 278, 171 Ill.Dec. 1, 593 N.E.2d 821 (1992). In that case, this court held that the attorney for a corporation, even a closely held one, does not have a specific fiduciary duty toward the individual shareholders. Hager-Freeman, 229 Ill.App.3d at 277-78, 171 Ill.Dec. 1, 593 N.E.2d 821, citing Felty, 169 Ill.App.3d 406, 119 Ill.Dec. 799, 523 N.E.2d 555. In Felty, the appellate court acknowledged that even in such closely held corporations, shareholders often have conflicting interests with the corporation. Felty, 169 Ill.App.3d at 410, 119 Ill.Dec. 799, 523 N.E.2d 555. This court has therefore declined to impose a fiduciary duty upon an attorney to a corporation's shareholders, in the absence of privity or status as intended third-party beneficiary.
Kopka acknowledges that the appellate court's decision in Felty has not been criticized or overruled by subsequent decisions, but argues that it is neither controlling nor authoritative in this case. However, Kopka fails to demonstrate why this court should disregard the decision in Felty and hold that a fiduciary duty may be established in the absence of privity or status as an intended third-party *728 beneficiary. Rather, Kopka cites Illinois Rockford Corp. v. Kulp, 41 Ill.2d 215, 242 N.E.2d 228 (1968) and Helms v. Duckworth, 249 F.2d 482 (D.C.Cir.1957), in support of his argument that LOK's attorneys and accountants owed the corporation's shareholders and partners a fiduciary duty. However, both Illinois Rockford Corp. and Helms address the fiduciary duties that shareholders of a closely held corporation owe to other shareholders. Neither case imposes a fiduciary duty on a corporation's attorneys or accountants to the corporation's shareholders. Therefore, we find no reason to depart from the decisions in Felty and Hager-Freeman.
Kopka also argues that a duty should be imposed upon K & R and AMG to LOK's shareholders and partners, as a matter of public policy, so that accountants and attorneys will not be immunized from liability for damages that arise out of their acts and omissions. We reject Kopka's argument because failing to impose a duty on the corporation's attorneys and accountants does not immunize them from liability where claims for damages may be asserted by the entity that retained them or by recognized third-party beneficiaries. In addition, the failure to impose such a duty does not preclude a partner or shareholder in a closely held corporation from pursuing an action against his fellow shareholders or partners. See Borys v. Rudd, 207 Ill.App.3d 610, 620, 152 Ill.Dec. 623, 566 N.E.2d 310 (1990) (partners have a fiduciary relationship); see also Doherty v. Kahn, 289 Ill.App.3d 544, 560, 224 Ill.Dec. 602, 682 N.E.2d 163 (1997), citing Hagshenas v. Gaylord, 199 Ill.App.3d 60, 71, 145 Ill.Dec. 546, 557 N.E.2d 316 (1990) (shareholders in a closely held corporation owe a fiduciary duty to each other).
We note that while Kopka's complaint seeks to hold K & R and AMG liable for their actions that allegedly assisted his former partner Omahana, and current partner Landau, in converting the assets of LOK, Kopka has not chosen to seek legal redress from either LO or Omahana and Landau personally. Kopka's decision to proceed in this manner does not support the creation of a public policy that would impose upon accountants and lawyers for corporations and partnerships a duty to shareholders and partners individually.
Accordingly, we find that Kopka failed to establish that K & R and AMG owed a fiduciary duty to him personally and that the circuit court therefore properly dismissed his claim.

III. Conclusion
For the reasons stated, we affirm the dismissal by the circuit court of Cook County of plaintiff's amended complaint for failure to state a cause of action.
Affirmed.
REID, P.J. and GREIMAN, J., concur.